The opinion of the court was delivered by
Brewer, J.:
In May, 1864, Crall sold and conveyed certain lands in Jackson county to Claggett. Prior to that time, *397 and in March 1861, Crall had conveyed the same lands to G. W. Gillespie. The deed to Gillespie was recorded in March, 1861. Claggett was a nonresident, and the negotiations were carried on through an agent in Atchison county. The petition alleged that at the time of the sale to Claggett, Crall produced a patent for the lands, and fraudulently represented that the lands were still-his, and that plaintiff relied on these representations and did not discover their falsity until 1871. Suit was brought in May, 1872. Was it barred?
This action is not one for breach of the warranty, but an action for fraud. It is not brought on the covenants of the deed, but for the fratidulent representations whereby the plaintiff was induced to part with his money for nothing. No testimony is before us, the case going off in the district court on an objection to the introduction of testimony under the petition; so the allegations of the petition must be taken as true. No motion was interposed to have the petition made more definite and certain, so that any defect in omitting to state fully and exactly the false representations made, is waived. The land was in a distant county from that in which the negotiations were consummated, and in a state other than that in which the plaintiff resided. That such an action will lie, unless cut off by some statutory provision, see Eames v. Morgan, 37 Ill., 260; Kirkland v. Lott, 2 Scam., 13; Weatherford v. Fishback, 3 Scam., 170; Watson v. Atwood, 25 Connecticut, 313.
The statutes of 1868, (Gen. Stat., 187, ch. 22, § 20,) provide that every deed, etc., “shall from the time of filing the same with the register of deeds for record impart notice to all persons of the contents thereof; and all subsequent purchasers and mortgagees shall be deemed to purchase with notice.” Under that section it may be that a subsequent purchaser would not be heard to say that he had no notice of a prior deed, or was imposed upon by the false representations of his vendor as to the title. But this statute can have no retroactive effect so as to change the rights of the parties growing out of these prior. transactions. The'statute of 1862 contains no *398 such declaration as to the effect of a. record of a deed. It simply provides that no deed is of any validity against subquent purchasers for a valuable consideration unless recorded. (Comp. Laws, 355, ch. 40, § 13.) A party then might under that statute, if he acted with ordinary prudence, rely on the representations of his vendor as to the condition of his title, and if these representations were false and fraudulent, and the title failed, maintain his action for the fraud practiced upon him. The petition alleges that this fraud was not discovered until 1871. The case is therefore brought within the limitation statutes of both 1862 and 1868.
There may be a question, which we shall not anticipate, nor decide, until the facts are more fully presented, as to whether the plaintiff was not guilty of negligence in not discovering the true condition of the title during the seven years between 1864 and 1871, and therefore chargeable with notice of the fraud prior to the time at which he alleges in his petition the fraud was discovered.
The judgment of the district court is reversed, and the case remanded with instructions to grant a new trial.
All the Justices concurring.