McKee v. Eaton.

---

FRANK McKEE, et al., v. T. W. EATON, et al.

1. PARTIES—*Misjoinder, Excess or Defect of.* Where there is a misjoinder, or an excess of parties plaintiff, there is not a defect of parties. A demurrer on account of a defect of parties plaintiff is given by law only for a defect, and not for an excess.

2. PETITION CHARGING FRAUD, *When Sufficient.* A petition charging fraud, and making it the basis of recovery, may be insufficient under attack by motion requiring it to be more specific and certain, and yet be held to set forth facts showing the fraud, when opposed only by a demurrer on the ground that it does not state facts sufficient to constitute a cause of action.

3. FRAUD AS CHARGED, *Sufficient as Against General Demurrer.* Where the petition alleged that the defendants, to induce the plaintiff to purchase their rights in certain states, under letters patent of the United States, for an improvement in spring bed bottoms, represented to the plaintiff that the patent was the only "twin bed spring" known, or authorized under letters patent of the United States; that the specifications included in the patent were not included in any other patent; that no other like improvement in spring bed bottoms could be made or used in the territory for which the sale was made ; that such patent was of great value; that the representations were all false and untrue, and known by the defendants to be so; and that the plaintiff, relying upon the false representations, bought the said rights under said letters patent,

and gave valuable property therefor: *Held*, That the facts constituting the fraud were sufficiently charged to make the basis of a recovery as against the interposition of a general demurrer.

4. PATENT RIGHT, *Action by Buyer Against Seller of.* An action may be maintained by the buyer of a patent right on the false representations of the sellers, that they were possessed of a patent giving them exclusive right for an improvement in spring bed bottoms, and that there was no like patent authorized, known by the sellers to be false, which induced the purchase, although by searching the records of the patent office the buyer might have discovered the fraud.

5. RESCISSION OF CONTRACT, *Sufficient Petition for.* Where the petition alleges that the purchaser of a patent right, valueless and worthless on account of the issuance of a prior patent for the same invention still existing and in full force, before commencing his action for rescission of the contract on account of fraud, reassigns his deed of patent to the sellers, and offers to surrender it up, and demands a reconveyance of title to real and personal property obtained fraudulently therefor, a sufficient statement is made of an attempt on the part of the buyer to place the sellers *in statu quo*, notwithstanding it appears from the petition that the defendants have subsequently paid $450 upon a mortgage against such property, when the statement is qualified by the further allegation that the rents and profits thereof, while in their possession, have equaled that sum.

6. PETITION, *When not Demurrable.* A petition asking à rescission of the contract on the ground of fraud, and demanding also a money judgment for damages, is not demurrable for want of facts to constitute a cause of action, if otherwise complete in form and sufficient in its allegations.

*Error from Marshall District Court.*

AT the March Term, 1881, of the district court, *Eaton* and three others, as defendants, recovered a judgment against *McKee* and four others, as plaintiffs, who bring the case here. The opinion states the facts.

*W. A. Calderhead*, and *J. A. Broughton*, for plaintiffs in error.

*G. R. Chaney*, and *A. E. Park*, for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: On the 3d day of January, 1881, the plaintiffs in error filed their petition in the district court of Marshall county against the defendants in error, alleging

Statement of facts.  substantially, that on the 18th day of June, 1880, one of the plaintiffs, Frank McKee, was seized in fee simple of the Tremont Hotel, at Marysville, with the furniture and fixtures therein, all of the value of $6,000; that the defendants represented to them that they were the owners of a certain patent, No. 184,498, of date of November 21, 1876, for an "improvement in a spring bed bottom," and that they had the right to sell, transfer and convey, by deeds of writing, exclusive territorial right to manufacture, use and sell the patent for the unexpired term thereof; and further, falsely and fraudulently represented that the said patent so known as the "twin bed spring patent" was the only twin bed spring known or authorized by letters patent of the United States, and that no other bed spring having the same specifications was authorized by any letters patent; that any other twin bed spring that might be made or used, or sold or offered for sale, in the states of California and Oregon, would be an infringement of this patent, and could be restrained from sale or use by law; that the value of the exclusive territorial right of the patent for California was $3,500, and the value of the same for Oregon was $2,500; that plaintiffs relied upon the false and fraudulent representations made by defendants, and were induced by such false and fraudulent representations to purchase the exclusive territorial rights to make, use and sell in the states of California and Oregon the said "patent twin bed spring," or "improved spring bed bottom," and under the contract of purchase one of the plaintiffs, Frank McKee, executed conveyances to defendants of the real estate and the other property named, subject however to a mortgage for $2,000, with interest at the rate of ten per cent. per annum, payable annually, due in eight annual payments of $250 each; that the sole consideration for the conveyance of all said property was the exclusive territorial right to make, use and sell the "patent twin bed spring" in California and Oregon, and defendants thereon executed to the plaintiffs their deeds for the exclusive territorial rights for the states of California and Oregon of said

patent; that at the time of making the said conveyance there was then in use and for sale in the states of California and Oregon, and other states, another twin bed spring or improved spring bed bottom, authorized by letters patent from the patent office of the United States, of the date of July 11, 1871, No. 116,815, and having the same specifications as the one purchased; that the twin bed springs under the last-named patent were made, used and sold in the states of California and Oregon, at the time aforesaid, and had been for a long time prior thereto, and that defendants well knew the fact; that by reason of the last-named patent being prior to the patent sold by defendants to plaintiffs, the plaintiffs were then and since have been unable to sell the said patent No. 184,498, or make, use, or sell the said twin bed spring; that the territory of California had already been canvassed for the sale of the patent No. 116,815, and plaintiffs were threatened with prosecution in the courts by the owners thereof, when they attempted to sell the patent purchased of defendants, or make any use thereof, and therefore that the deeds of said patent to plaintiffs were utterly worthless; that the hotel property had been in the possession of defendants from the 18th day of June, 1880, and during such time they had paid $250 principal and $250 interest on the mortgage against the property; but that the rents and profits during said time were equal to that sum; that plaintiffs executed deeds for such exclusive territorial rights on the 3d day of January, 1881, to defendants, and tendered and offered to return the same to defendants, and then and there demanded a reconveyance of the real estate, and a reconveyance of the personal property to Frank McKee; that the defendants refused to reconvey any part of the property. The prayer of the petition asked for a rescission of the contract, and demanded judgment for $2,500 as damages. On the 30th day of December, 1880, a temporary injunction was granted in the case by the probate judge of Marshall county. On the 14th day of February, 1881, defendants filed their demurrer, and alleged therein that there

was a defect of parties plaintiff in the petition, and further alleged that the petition did not state facts sufficient to constitute a cause of action. On the 20th of March following, the defendants filed their motion to vacate and dissolve the injunction. At the March term of the court for 1881, the demurrer of the defendants to the petition was sustained, and the temporary injunction dissolved upon the ground as set forth in the record, that the petition did not state facts sufficient to constitute any cause of action in favor of the plaintiffs and against the defendants. To this ruling the plaintiffs excepted, and the case is now before us for review.

The objections presented to the petition in the briefs, are:

1. That there is a defect of parties plaintiff.

2. It seeks to avoid and rescind an executed written contract upon the ground of fraud, without alleging the facts which constitute the fraud, but merely the conclusions the plaintiffs draw from the transaction, and choose to denominate fraudulent.

3. It seeks to avoid and rescind the contract, without returning, or offering to return, that which the petition upon its face shows the plaintiffs received in the transaction.

4. It seeks to avoid and rescind the contract, and at the same time to sue and recover damages claimed to have been sustained by reason of the transaction.

None of these objections is tenable. As to the first, there is nothing on the face of the petition showing other parties plaintiff to be necessary or wanting. The argument of defendants' counsel upon this point, proceeds upon the mistaken notion that where there is a misjoinder of parties, there is necessarily a defect of parties. Such is not the case. There is an excess, but certainly no defect. A demurrer on account of a defect of parties plaintiff is given by law only for a defect, and not for an excess. Frank McKee is the proper party plaintiff, and if he has improperly joined with himself other plaintiffs, the remedy to correct such irregularity is not by a demurrer alleging a defect of parties. While it is a

general proposition, that when fraud is charged and made the basis of recovery a mere general allegation of fraud is insufficient, and that the facts showing the fraud must be stated, yet as against a demurrer, the facts are sufficiently set forth in the petition in this case, to make it a good one. If the defendants desired the petition to be more full, specific and certain, they should have insisted upon their motion filed on the 12th of February, 1881, instead of relying upon the demurrer, and their motion to dissolve the injunction. In *L. L. & G. Rld. Co. v. Douglas County*, 18 Kas. 169, the petition was attacked by motion — not by demurrer — and the decision in that case is not applicable to this. It seems to us, however, that the false representations constituting the fraud are quite fully set forth. The petition charges that the defendants represented the patent sold was the only twin bed spring patent known or authorized under letters patent of the United States; that the specifications included in said patent were not included in any other patent; that no other twin bed spring of like character could be made or used in the territory for which the sale was made. In brief, the petition shows that the defendants falsely represented that they were possessed of the exclusive right for an improvement in spring bed bottoms of great value, and that no other like patent was authorized. It also appears that these representations were not only false, but known by the defendants to be so, and that Frank McKee, one of the plaintiffs, was induced by these false representations to buy the said rights under the said letters patent, and to convey valuable property to the defendants therefor. With the exception that the specifications which were included in the letters patent were not contained in the petition, all of the other allegations specifically state the matters constituting the fraud.

Counsel for defendants in this connection contend, that as the patent office of the United States is as accessible to one person as another, and as information concerning patents can be obtained by one person as readily as another, all represen-

tations of defendants in regard to their exclusive right to the patent, and to sell and make twin bed springs thereunder, are simply matters of conclusion and opinion, and although untrue, do not vitiate the contract, or render the parties liable for false representations. We do not agree with counsel, because the allegations are, that defendants falsely and fraudulently stated as of their own knowledge, (not as matters of opinion,) that they had the exclusive right to sell and make use of the bed spring for which their patent had issued, and that their invention was not covered by any other patent. "A distinct statement of such a fact by a seller, knowing it to be false, and with intent to deceive the buyer, and on which the buyer acts to his own injury, will sustain an action, even if the buyer might have discovered the fraud by searching the records of the patent office." (*David v. Park*, 103 Mass. 501 ; *Claggett v. Crall*, 12 Kas. 393.) Before the plaintiffs commenced the action, they offered to return the deeds for the so-called patent rights to defendants ; therefore, they offered to return all that they received in the transaction. It is doubtful, however, under the allegations in the petition, whether any return was necessary. The pretended patent is alleged to have been utterly worthless, because of the prior patent covering the same specifications and the same invention. (*Bank v. Peck*, 8 Kas. 660.) Counsel for defendants refer to the $450 which was paid upon the mortgage against the real estate, and say that none of this was returned, or offered to be returned. True; but the plaintiffs alleged that the rents and profits of the premises while in the possession of defendants fully equaled this payment. Therefore, if the defendants had accepted the return of their deeds for the patent, and reconveyed the real and personal property as demanded, before the commencement of the suit, all the parties would have been placed *in statu quo* if the statements of the petition are truthful.

The final objection to the petition is not embraced in the demurrer. A general demurrer to a petition for want of facts

sufficient to constitute a cause of action, will not be sustained because a petition contains several distinct causes of action, nor although two or more causes of action are pleaded but not separately stated.

The judgment of the district court must be reversed, and the case remanded.

All the Justices concurring.