JOHN T. CARPENTER *et al.* v. MARY M. WRIGHT.

52 221
82 449

1. FRAUDULENT REPRESENTATIONS — *Sufficient Basis for Recovery.* A fraudulent representation that a tract of land is free and clear of incumbrances, and upon which another relies and is induced to purchase the land, when in fact it is subject to a valid mortgage is sufficient upon which to base a recovery for the wrong and injury sustained, although the injured party might have discovered the incumbrance by a search of the public records.

2. —— *Interest of Person Making.* A person making such misrepresentations may be held liable for the loss occasioned, although he may not have had any direct interest in the transaction, nor have received any of the consideration.

3. SPECIAL FINDINGS — *Sufficient Petition.* The special findings of the jury found not to be inconsistent with the general verdict, and the petition sufficient upon which to rest the judgment.

*Error from Sedgwick Common Pleas Court.*

ACTION by *Mary M. Wright* against the *Wichita & Valley Center Motor Railroad and Land Company* and others. At the May term, 1889, there was judgment for plaintiff, and defendants bring error. The opinion states the facts.

*Stanley & Hume,* for plaintiffs in error:

Can a vendee of real estate have a sale rescinded and recover the purchase price, on account of misrepresentations of

the vendor as to the title to the property or incumbrances thereon, when the condition of the property is a matter of record, and the transaction was had in the county where the records are situated? We are aware that the decisions upon this question are conflicting — some holding that the vendee may rely absolutely upon the statements of the vendor, and if such statements are false, to the injury of the vendee, he may avoid the transaction, although an examination of the records would have prevented the vendee from concluding the purchase of the property; while, on the other hand, it has been held that it is the duty of the vendee, where the transaction is had in the county, and the records are easily accessible, to make the examination for himself and ascertain those things that would be shown by the records, and that he may not disregard this obvious duty and rely wholly upon the statements of the vendor. In other words, that the vendee of real estate cannot rely upon the misrepresentations of the vendor, where he has notice that the same are not true; and the constructive notice given by the records under registration laws like our own would be such notice as would deprive him of the right to rely entirely upon the statements of the vendor, and then seek to avoid the sale if such statements should be false, to the detriment of the vendee. We think this court has taken the latter view. *Claggett v. Crall,* 12 Kas. 397. If we are correct in our understanding of the rule in this state, as laid down in the case above cited, there is no need to pursue the argument further, as the plaintiff below had such constructive notice.

Counsel for defendant in error contend that the contrary rule has been established by this court, and will refer to the case of *Curtis v. Stilson,* 38 Kas. 302, to sustain their position. In that case, however, the party deceived lived in another county from that in which the land was situated and the records were kept, was old and infirm, deaf and dumb, had little knowledge of the subject-matter of the sale, and whose condition compelled him to rely largely upon the statements of those with whom he dealt; and, under the peculiar circumstances of

that case, the court held that the doctrine of constructive notice afforded no relief, without in any way abridging the rule laid down in *Claggett v. Crall*, supra.

The title to a piece of real estate may be good in a party, and still be incumbered by mortgage or other liens. Devl. Deeds, § 1; *Merrill v. Agricultural Ins. Co.*, 73 N. Y. 456.

*T. B. Wall*, for defendant in error:

On breach of false warranty, a purchaser has his remedy either in tort or on warranty. Cooley, Torts, 90; Bish. Non-Contr. Law, § 77. The former was chosen, and not without reason.

That an action will lie against a person not interested for making false and fraudulent misrepresentations, to the injury of another, is elementary. See Bish. Non-Contr. Law, § 315, and cases cited.

In the case relied on by counsel for plaintiffs in error, *Claggett v. Crall*, 12 Kas. 397, it was simply said that, "under that section, it *may be* that a subsequent purchaser would not be heard to say that he had no notice of a prior deed or was imposed upon by the false representation of his vendor as to the title."

We believe that the doctrine recognized in *Curtis v. Stilson*, 38 Kas. 302, and cases therein cited, is the better, and more in consonance with the established principles of the doctrine of fraud, which has been gathering and growing with the years, to prevent the unprincipled and astute from overreaching the weak and confiding. See *Linn v. Green*, 5 McCr. 382; *Bristol v. Braidwood*, 28 Mich. 195.

The opinion of the court was delivered by

JOHNSTON, J.: Mary M. Wright brought an action against the Wichita & Valley Center Motor Railroad and Land Company, H. D. Heiserman, Color L. Sim, and J. T. Carpenter, to recover damages in the sum of $350, resulting from the alleged misrepresentation and fraud practiced by defendants in the sale of real estate to her. In her petition, she alleged

that the defendants represented to her that the company was the absolute owner of a certain lot, and that it was held free and clear of incumbrances; that the representations were made to induce her to purchase the premises; and, relying upon them, she did purchase the lot, and pay to the defendants therefor, the sum of $350. At the time of the purchase and payment, there was a mortgage incumbrance upon the lot of $11,013 in favor of John Westfall, which mortgage was duly filed for record in the office of the register of deeds of Sedgwick county. It was alleged that each of the defendants well knew that the premises were incumbered, but that the fraud and deceit were practiced by them in order to obtain the money which she paid upon the lot. It is averred that John T. Carpenter was especially active in the transaction, and assured her that the title to the premises was good and unincumbered, notwithstanding the fact that he well knew that it was incumbered in the manner stated. She avers that she did not discover the fraud practiced upon her until about the time of the commencement of the action, when she requested the repayment of the money, and offered to convey all the title which she had received from the company. After the testimony of the plaintiff was submitted, the court held it to be insufficient to sustain a cause of action against Heiserman and Sim, and sustained a demurrer to the evidence filed by each of them. Upon the whole testimony, the jury returned a general verdict in favor of the plaintiff and against the company and Carpenter, assessing her damages at $407.87. The following special questions and answers were returned with the verdict:

"What representations were made by the defendant J. T. Carpenter to the plaintiff concerning the title to the property described in the deed attached to plaintiff's petition? Ans. The title was good.

"On what, if anything, did the plaintiff rely in purchasing the property described in the deed attached to plaintiff's petition? A. Representations of J. T. Carpenter."

Other answers disclosed that the Westfall mortgage was

placed on record prior to the transaction complained of, on May 6, 1887, and that the plaintiff had no knowledge of the mortgage except constructive notice by the record, until June, 1888; and further, that the money paid by plaintiff upon the lot was received by the defendant company. The petition stated a cause of action against all of the defendants, and is sufficient to justify the judgment that was rendered.

The contention that no recovery can be had because the incumbrance was a matter of record is not sound. A fraudulent representation by one who assumes to have personal knowledge to a purchaser of real estate that there is no incumbrance thereon, and upon which representation the purchaser relies and acts, to his injury, will sustain an action for the tort, although the purchaser might have discovered the fraud by searching the public records. (*McKee v. Eaton*, 26 Kas. 226; *Curtis v. Stilson*, 38 id. 302; *Ma'lack v. Shaffer*, 51 id. 208; *David v. Park*, 103 Mass. 501; *Bristol v. Braidwood*, 28 Mich. 195; *Babcock v. Case*, 61 Pa. St. 427; *Linn v. Green*, 1 McCr. 380.)

*1. Fraudulent representation— sufficient basis for recovery.*

Just what relation Carpenter bore to the company or to the other defendants does not appear, as none of the testimony is included in the record. But, presumably, the evidence was sufficient to sustain the verdict against Carpenter and the company. All of the defendants were charged with conspiring together to defraud Mrs. Wright out of the money which was obtained from her; and the fact that Carpenter did not personally receive the money, or the further fact that the testimony was insufficient to hold Heiserman and Sim, will not relieve Carpenter from liability. If he participated in the fraud from which an injury resulted, he may be held liable; and it is no defense that others are not brought in to share the liability. Mrs. Wright was entitled to a remedy, either upon the contract of warranty or in tort; and, from the averments of the petition, her action may be regarded as belonging to the latter class, as she bases her right to recover upon the fraud and

falsehood which induced her to make the purchase. Although Carpenter may not have received any portion of the consideration, or been directly interested in the purchase, he may be held liable for fraudulent misrepresentation which caused the injury. In such a case, the party defrauded has a remedy by action of deceit for damages against the party who made the misrepresentations which induced the loss. (Bish. Non-Contr. Law, § 315; Kerr, Fraud & M. 331, 339.)

We cannot review the errors which it is claimed occurred during the trial, for the reason that they have not been assigned in the petition in error; and in any event 3. Special findings—sufficient petition. the special findings returned are sufficient to sustain the judgment against Carpenter. The charge was that he represented the title to be good and unincumbered, and the jury found that the misrepresentation was that "the title was good." It is said that the title to real estate may be good and still be incumbered, and in one sense this may be true; but, from the way in which these terms are used in the record, it is not difficult to understand the finding of the jury. In the popular sense an incumbered title is not a good one, and this view was taken by the jury and the trial court. Treating the terms in the sense contended for by plaintiffs in error, there would still be no ground for reversal, as no specific finding was asked for or made with respect to the existence of incumbrances upon the property sold. In the absence of the testimony, we must assume that there was sufficient to sustain the general verdict.

The judgment of the trial court will be affirmed.

All the Justices concurring.