HORACE SPEED V. SARAH A. HOLLINGSWORTH et al.

1. SALE OF LAND — *Misrepresentations of Seller* — *Action for Damages.*
In an action by the grantee against the grantor of a certain farm,
consisting of 716 acres, to recover damages for alleged fraudulent
representations made by the authorized agents of the grantor to the
grantee, (one of the agents being the son of the grantor, and living,
at the time of the alleged representations, upon the farm,) in falsely
stating the number of acres of bottom land in the farm, the number
of acres of corn growing upon the farm, and the past and present
rentals of the pasture land, although the grantee, who was a lawyer,
and could not, by bare inspection and examination, tell how many
acres a field contained, was upon the farm just before his purchase
and saw portions of it, *held,* that it is no defense for the grantor
to show that the grantee might, by careful inspection, inquiry, sur-
vey, etc., have discovered the falsity of the representations made to
him to induce him to buy the property, if the grantee implicitly re-
lied upon the representations.

2. NEGLIGENCE OF GRANTEE — *No Defense.* It matters not that, in a case
where the facts are as above stated, the grantee, who has been mis-
led, may be said in some loose sense to have been negligent, for it
is not just that a man who has deceived another should be permitted
to say to him, "You ought not to have believed or trusted me," or
"You were yourself guilty of negligence."

3. DAMAGES — *Measure of Recovery.* If a grantee in an action for dam-
ages arising out of the alleged deceit of the grantor or his authorized
agents in making the sale of certain real estate, where the grantee
has implicitly relied upon the representations, and they are false as
to material existent facts, and made with the intent to deceive the
grantee, such grantee may recover from the grantor, as his measure
of damages, the difference between the real value of the premises at
the date of his purchase and what they would have been worth at
that time if the representations had been true.

*Error from Cowley District Court.*

PRIOR to and on the 9th of August, 1888, James Hollings-
worth, residing in Chicago, Ill., was the owner of a farm, in
Cowley county, in this state, consisting of 716 acres. On
that date, Horace Speed, a lawyer, of Oklahoma, purchased
the farm for $13,000, paying a part in cash, and giving his
notes to James Hollingsworth for $5,000, the balance of the

purchase money, secured by a mortgage on the farm. Afterward, James Hollingsworth died, leaving Sarah A. Hollingsworth, his widow, as sole heir-at-law. Mrs. Hollingsworth and Charles M. Henderson are the executors under the will of James Hollingsworth, the deceased. The note of Horace Speed not having been paid, the executors of James Hollingsworth, the deceased, on the 19th of March, 1890, commenced their action against Speed to collect the note given for the balance of the purchase money of the farm, and to foreclose the mortgage executed to secure the same. On the 31st of May, 1890, Speed filed his amended answer. Subsequently, with the consent of the court, this was amended upon the trial. As amended, the answer alleged, among other things, that A. Hollingsworth, the son of James Hollingsworth, and P. A. Huffman, acting as agents of James Hollingsworth in selling the farm, falsely and fraudulently represented to him that there were in the body of the farm sold 400 acres of bottom land; that on the land there were then growing 245 acres of corn, and 35 acres of oats; that the pasture land on the farm had rented the past year for $100 per month for seven months, but was not fully stocked, and would graze stock sufficient to bring $125 per month; and that there was ample demand for such pasturage in that neighborhood.

The amended answer further alleged, that defendant was not a farmer, was ignorant of the qualities of land, and could not, from bare inspection and examination of the land, tell how many acres a field would contain, which facts the agents well knew; that the representations were made by the vendor's agents with the intent that they should be believed, relied upon and acted upon by the defendant; that the defendant did believe, rely and act on the representations; that the representations were not true, but false, and known to be untrue by the vendor's agents at the time; that Hollingsworth and Huffman made the representations to the defendant complained of for the purpose of preventing the defendant from making measurements and further inquiries; that the bottom

land did not exceed 200 acres; that the land in corn did not exceed 150 acres; that the pasture land had not the year before brought $100 per month, and in fact there was no demand for pasturage in that neighborhood; that the value of such bottom land was about $50 per acre; that the defendant was damaged by such misrepresentations as to the bottom land in the sum of $6,000, as to the corn, $950, as to the pasture, $500; that upon discovering the falsity of the statements the defendant immediately offered the vendor to rescind, which he refused; and that the defendant has been damaged in the sum of $2,500 over and above the notes and mortgage sued on.

The case was called for trial on the 29th of September, 1890.   The defendant requested that the question of the false and fraudulent representations alleged in his answer, and the amount of the damages to which he might be entitled, be submitted to a jury, and thereupon a jury was duly impaneled, and sworn to try the issues in the case.   The district court, upon examination of the pleadings and issues, found that the burden of proof was upon the defendant; thereupon the attorneys of the defendant proceeded to state the defense to the jury. Prior to the offering of any evidence, the following colloquy occurred between the court and the attorneys for the defendant: Question by the court to the attorneys for the defendant: "Does this statement of yours here admit that Mr. Speed went out and looked at the premises along with those parties [A. Hollingsworth, P. A. Huffman, and George W. Robinson]?"   Answer by attorneys for defendant: "He was out there on the premises and saw certain portions of them." Thereupon the district court, upon the objection of the plaintiffs, refused to permit any evidence to be introduced on the part of the defendant.   The plaintiffs then moved for judgment, and the court sustained the motion, and rendered judgment in favor of the plaintiffs and against the defendant for $5,835.53, and also for a foreclosure of the mortgage.   The defendant excepted, and brings the case here.

*Horace Speed*, plaintiff in error, for himself; *John W. Shartel*, of counsel.

*Torrance & Torrance*, for defendants in error; *Matz & Fisher*, of counsel.

The opinion of the court was delivered by

HORTON, C. J.: It appears that the trial court refused to permit the defendant below to offer any evidence in support of the allegations of his answer, upon the ground that the representations made to him by the vendor's agents were expressions of opinion only, and further, that as the defendant was upon the premises before his purchase, he could have discovered, if he had been diligent, their falsity. The alleged false representations related to the quantity of the bottom land, the quantity of the land in corn, and to the rentals of the pasture land. Representations made by the seller of land of the quantity and the rentals thereof are something more than affirmations or expressions of opinion in regard to the property he is attempting to sell. They are matters lying peculiarly within his knowledge. (*Davis v. Jenkins*, 46 Kas. 19; *Bowman v. Germy*, 23 id. 306; *Stevens v. Matthewson*, 45 id. 594; *Stewart v. Ranche Co.*, 128 U. S. 383; *Paine v. Upton*, 87 N. Y. 327; *Belknap v. Sealey*, 14 id. 144; *Schumaker v. Mather*, 133 id. 590; *Nelson v. Carrington*, 4 Munf. 332; *Mitchell v. Zimmerman*, 4 Tex. 75; *Walling v. Kinnard*, 10 id. 508; *Antle v. Sexton*, 27 N. E. Rep. 691; *Hanson v. Tompkins*, 27 Pac. Rep. 73; *Dobell v. Stevens*, 3 B. & C. 623, and *Lysney v. Selby*, 2 Ld. Raym. 1118; Sugd. Vend. [Perkins's ed.] 248–378; *Dimmock v. Hallett*, 2 Ch. App. 21; *Lord Brooke v. Rounthwaite*, 5 Hare, 296.

In this case, A. Hollingsworth, one of the agents of the seller, lived upon the land at the time the representations were made. Of course, he was intimately acquainted with the land, the number of acres of bottom land thereon, the number of acres of growing corn, and the rentals of the pasture. The ruling of the trial court, that the defendant had no legal

right to rely upon the false statements made to induce him to make the purchase of the farm, because he went upon the premises before his purchase, and might, by careful inspection, inquiry, survey, etc., have discovered their falsity, is contrary to the great weight of authority. *Claggett v. Crall,* 12 Kas. 393; *McKee v. Eaton,* 26 id. 226; *Stevens v. Matthewson,* supra; *Davis v. Jenkins,* 46 Kas. 19. In the latter case, it was observed:

1. Sale of land— misrepresentations of seller—action for damages.

"If Jenkins, the purchaser, relied upon the representations, as alleged, and was thereby deceived, to his injury, he may recover for the damages sustained, although he might have ascertained by a further search and inquiry that the statements made by Davis were untrue."

The trend of the decisions of the courts of this and other states is towards the just doctrine, that where a contract is induced by false representations as to material existent facts, which are made with the intent to deceive, and upon which the plaintiff relied, it is no defense to an action for rescission or for damages arising out of the deceit, that the party to whom the representations were made might, with due diligence, have discovered their falsity, and that he made no searching inquiry into facts. "It matters not," it has well been declared, "that a person misled may be said in some loose sense to have been negligent. . . . For it is not just that a man who has deceived another should be permitted to say to him, 'You ought not to have believed or trusted me,' or 'You were yourself guilty of negligence.'" (Big. Fraud, 523, 528, 534; Kerr, Fraud & M. 80, 81; *Stevens v. Matthewson,* supra; *Davis v. Jenkins,* supra; *Wickham v. Grant,* 28 Kas. 517; *Pomeroy v. Benton,* 57 Mo. 531; *Wannell v. Kem,* 57 id. 478; *Redgrave v. Hurd,* 20 Ch. Div.1; *Gas and Coke Co. v. Gas and Electric Co.,* 59 N. W. Rep. [N. D.] 1066, and cases cited; *Simar v. Canaday,* 53 N. Y. 306; *Schumaker v. Mather,* 133 id. 590; *Redding v. Wright,* 51 N. W. Rep. [Minn., 1892] 1056; *Ledbetter v. Davis,* 121 Ind. 119; *Gordon v. Parmelee,* 2 Allen, 212; *Mooney v. Miller,* 102 Mass. 217; *Furnace Co. v. Moffatt,* 147

2, Negligence of grantee—no defense.

id. 43; *Erickson v. Fisher*, 53 N. W. Rep. 638; *Campbell v. Frankem*, 65 Ind. 591.)

False representations, to be actionable, must be as to a past or existing fact substantially or materially affecting the interests of the party, and relating to a matter as to which he may be presumed to confide, and is thereby in fact deceived. Whether the defendant actually believed and relied upon the representations made to him, was a question of fact for the jury; and it was error for the court to decide, upon the allegations of the answer and the admissions made, that, as a matter of law, the representations were not actionable.

The defendant was entitled, upon his answer, to show the representations made by the vendor's agents concerning the quantity of bottom land, the quantity of land in corn, and the past and present rentals of the pasture, and the facts, if any, tending to show the falsity of these representations, and that he relied upon them and was induced thereby to purchase the premises described in the mortgage.   If the defendant supports the allegations of his answer by sufficient evidence to show that in making the purchase he was deceived and
defrauded, he may recover as a counterclaim for
3. Damages—
measure of     damages the difference between the real value of
recovery.
the premises at the date of his purchase and what they would have been worth at that time if the representations had been true. (*Stevens v. Matthewson*, supra; *Gas and Coke Co. v. Gas and Electric Co.*, supra, and cases cited; *Antle v. Sexton*, 27 N. E. Rep. [Ill.] 691, and cases cited.)

We are referred by the attorney of plaintiff below to *Graffenstein v. Epstein*, 23 Kas. 443, and *Burns v. Mahannah*, 39 id. 87, as supporting the judgment rendered.   In those cases the misrepresentations concerned the market price of an article of general commerce.   The market price was a matter of public knowledge.   But in both of those cases it was observed, that "there were no circumstances making it the special duty of the seller to communicate the knowledge he possessed to the purchaser, and none giving him peculiar means of ascertaining the market price of the article sold."

We have no disposition to extend the rule declared in those cases, and prefer to limit them to the facts disclosed therein.

The judgment of the district court will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.