D. F. MALLORY v. F. G. THOMAS et al.

No. 14,158.    (81 Pac. 194.)

SYLLABUS BY THE COURT.

TRUSTS AND TRUSTEES—*Express Trust Not in Writing—Rights of a Stranger.* Where a plaintiff sues as the trustee of an express trust concerning lands, the defendant, a stranger to the agreement relating to the trust, has no standing to contend that such trust is void because not created in writing.

Error from Shawnee district court; Z. T. HAZEN, judge. Opinion filed June 10, 1905. Affirmed.

*W. W. Harvey,* for plaintiff in error.

*Gleed, Ware & Gleed, John L. Hunt,* and *D. E. Palmer,* for defendants in error.

The opinion of the court was delivered by

MASON, J.:   John O'Brien mortgaged a tract of land to the Vermont Savings and Investment Company. He died, and his widow was appointed administratrix. The mortgagee, instead of foreclosing the mortgage by suit in the district court, elected to present the mortgage debt as a claim against the estate and have the land sold for its payment by order of the probate court. Proceedings were taken in accordance with this plan, as a result of which a sale was had, and an administratrix's deed was made to Mrs. F. G. Thomas. Afterward D. F. Mallory obtained conveyances of the land from the heirs of O'Brien, and asserted title to it under the claim that the administratrix's deed was void. Mrs. Thomas brought a suit against Mallory to quiet title, the Vermont Savings and Investment Company joining as plaintiff. The petition alleged that Mrs. Thomas had purchased and still held the land as trustee for that company. Issues were framed and a trial was had, resulting in a judgment for the plaintiffs, from which the defendant prosecutes error.

Complaint is made of the overruling of a general demurrer to the petition. It is argued that as Mrs. Thomas claimed no interest in the land otherwise than as trustee there could be no recovery except in virtue of the trust, that the trust was void under the statute because not in writing (Gen. Stat. 1901, §§ 1210, 3173, and 7875), and that, therefore, the petition stated no cause of action in favor of either of the plaintiffs. An obvious answer to the argument is that a third party has no standing to invoke this statute in order to nullify an oral trust. So long as the trustee is content to

be bound by it a stranger cannot be heard to say that it is of no effect. (28 A. & E. Encycl. of L. 877.)

It is also urged that the demurrer should have been sustained upon the ground that the petition did not state the facts constituting Mrs. Thomas a trustee of the investment company—that the averment that she was such a trustee was a mere conclusion of law. The objection is without force. It was alleged that she had taken the title in herself for the benefit of the company. This was sufficient for the purposes of this case. The defendant was in no way concerned with the reasons for, or purposes of, the trust.

A further complaint is made of the overruling of a demurrer for a defect of parties plaintiff, but the only fault found in this connection is that the trustee and beneficiary united in bringing the action. Such a joinder seems perfectly proper (22 Encyc. Pl. & Pr. 164), but if otherwise it does not constitute a defect of parties within the meaning of the statute. (*McKee v. Eaton,* 26 Kan. 226.)

The only other assignments of error relate to rulings that can only be reviewed when all the evidence is preserved in the record. It is not made to appear in the case-made, upon which the petition in error is based, either by express recital or by reasonable implication, that it contains all the evidence, and therefore these assignments cannot be considered.

The judgment is affirmed.

All the Justices concurring.