Circle v. Potter.

---

D. M. CIRCLE, *Appellant*, v. AMANDA J. POTTER, *Appellee.*

No. 16,681.

SYLLABUS BY THE COURT.

1. FRAUDULENT REPRESENTATIONS—*Sale of Land.* It is a good defense to an action to enforce a contract for the sale of land that the seller falsely represented the facts as to the value of the land and its use and the annual rents which he had received for the land, that he knew the representations to be false and made them with the intention to deceive, and that the buyer relied on them to his injury.

2. —— *Notice of Fraud—Bare Inspection of the Land.* While the buyer can not rely on such defense if he knew the facts and acted upon his own judgment, yet he is not deprived of the remedy for deceit merely because he made a bare inspection of the land at the time of purchase and might by a more thorough inspection and a searching inquiry have learned the falsity of the representations made by the seller, providing he did in fact rely on the representations made.

3. —— *Waiver or Condonation of Fraud.* Before a contracting party deceived and defrauded by another should be deemed to have condoned or waived the fraud by some subsequent action it must appear that he acted with full knowledge of the deception, and with the intention to abide by the contract notwithstanding the fraud practiced upon him.

4. VERDICT—*Power of Court to Set Aside and Require a Second Verdict.* Where a jury brings in a verdict finding the amount of recovery against a party, and also finds upon and decides questions which devolve upon the court alone—that certain instruments should be canceled, it is competent for the court to direct the jury to retire again and to bring in a verdict in accordance with certain instructions and in proper form.

5. —— *Excessive Award — Excess Remitted by Prevailing Party.* Where the award of the jury is excessive, but does not indicate passion or prejudice, and the excess is remitted by the prevailing party, and fair and impartial special findings returned by the jury support the balance of the award, which is approved by the court, the judgment based thereon will not be disturbed on appeal.

Appeal from Barber district court. Opinion filed November 5, 1910. Affirmed.

*J. D. Houston, F. F. Perry,* and *Seward I. Field,* for the appellant.

*A. L. Noble,* and *J. N. Tincher,* for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: In this action D. M. Circle undertook to foreclose a mortgage given by Amanda J. Potter on a section of land in Barber county to secure the payment of a promissory note for $6500 which she had given. An interest coupon of $408.23 was due when the

action was brought.  In her answer Amanda J. Potter alleged that the note and mortgage were given in a trade of a drug store owned by her in Missouri, worth about $6000, for a section of land belonging to Circle which was worth only about $4000, and that she was fraudulently induced to make the trade and give the 6500-dollar note and mortgage, in addition to the drug store, for the land.  She set up, first, that when the note and mortgage, as well as the drug store, were obtained by Circle from her in exchange for the land Circle falsely and fraudulently represented the land to be worth $13,500, and that it had been rented annually for such a sum as would pay seven per cent per annum on that valuation, over and above the taxes.  She alleged that he falsely and fraudulently represented that the land had been renting for approximately $950 per year, when in fact it had never rented for more than $300 per year.  She averred further that, to accomplish the deception, he proposed to rent the land for two years at an annual rental of $950, and gave her two notes, each of which was for $950, but that these were not given in good faith nor with the intention of paying the same but only for the temporary purpose of obtaining possession of her stock of drugs, which of itself was worth $6000, and that these notes so given her were subsequently obtained from her by a cunning deception on the part of Circle.  She further averred that Circle subsequently gave her a note for $1500, and she asked a recovery of the amount due thereon.  She also prayed for a decree declaring the mortgage and note to be fraudulent and void and not a lien on the premises, and for judgment in the sum of $1500.

The findings of the jury were in favor of Mrs. Potter, and were based upon testimony that is strong and convincing.  It appears on this appeal of Circle's that he falsely and fraudulently represented the land to be worth $13,500, when in fact it was worth but $3200, and that he had been receiving as rent for the land ap-

proximately $950 per year, when in fact he had received not more than $300 per year, and that for this land he obtained from her a stock of drugs in Missouri worth $4500 and also her note for $6500, as well as a mortgage on the land to secure the payment of the note. In that connection it appears that he went through the form of renting the land from her for a period of years at a rental of $950 per year, and as payment gave her two notes for $950 each. To obtain the possession and cancellation of these notes he caused a faked offer to be made to her to purchase the land at a large price, and when she came on from Missouri she found that there was in fact no purchaser, but was then told that there was a party who would give her $1600 a year for the use of the land. A party who proposed to rent the land at that price appeared, but declined to enter into a contract unless Circle would surrender his lease. Circle, who was conveniently close, agreed to surrender the lease if Mrs. Potter would surrender the rental notes which he had given her. The new party advanced $100 on the rent, but declined to complete the contract or pay more until the lease with Circle was canceled. She was induced to return the notes, and the lease with Circle was canceled. The new renter, however, did not return to complete the contract, but the purpose of Circle to obtain his notes had been accomplished. It turned out that the new party was a stool pigeon of Circle's, to whom Circle gave the $100 advanced to Mrs. Potter, and he also gave him $25 for assistance in the trick by which he obtained possession of his notes.

It is first argued that the averments of appellee's answer do not sufficiently allege, and her evidence did not establish, the essential elements of fraud, or deceit. The contention is that she did not specifically state that she relied upon the false representations made by Circle, nor that he used any means to cause her to forbear inquiry as to the value of the land or as to whether his representations were true or false. He argues that

Circle v. Potter.

mere assertions by a seller as to the value of the land or as to its quality will not give a right of action for deceit when the property sold is equally open to inspection by both parties and nothing is done by the seller to prevent the buyer from making inquiry or acquiring knowledge in regard to the property sold. The averments of the answer appear to be sufficient. As a general rule it may be said that if one person dealing with another intentionally deceives him he is responsible for the consequences. If the averments of the answer show that Circle knowingly made false representations in respect to the land which were material, that they were made with the intention to deceive Mrs. Potter and that she should act on them, and that she did act in reliance upon them to her injury, a cause of actionable fraud has been stated. The representation that the annual rental of the land had been sufficient to equal seven per cent per annum on that value, over and above taxes, was material and was alleged to be false. While the pleader did not in set phrase state that each representation was made with the intention to deceive and that it did deceive Mrs. Potter, the answer did state that she was fraudulently and illegally induced to execute the note and mortgage by the false and fraudulent representations of Circle, and that these were made for the purpose of obtaining the note and mortgage. In another part of the answer it was alleged that representations with reference to the rental value of the land were made by him to deceive her with reference to its real value. She further alleged that she was ignorant of the real value of the land, as well as the annual rental value, and that by reason of his representations she was induced to and did make the exchange of properties and complete the transaction. She further averred that she did not learn of the falsity of the representations or of the real rental value of the land until some months after the giving of the note and mortgage, and until after the drug stock had been de-

livered to plaintiff and the greater part of it disposed of. The averments, when taken together, sufficiently state that the representations were material, that they were false and known to be false by Circle, that they were made to be acted on by Mrs. Potter, and that she did act on them and thereby suffered injury. These are the essential elements of actionable fraud. (20 Cyc. 12.)

Complaint is made that the court in its instructions in effect relieved Mrs. Potter of the consequences of her own negligence in the transaction, and held Circle to be liable for his representations even if Mrs. Potter acted upon an independent investigation and on her own judgment. It is true that Mrs. Potter did see the land before the contract of exchange was made, and there is testimony, too, that by a thorough investigation she might have learned the character of the land, as well as its rental value. The court advised the jury that if Mrs. Potter knew the value of the land and its past and present rental value, and with such knowledge proceeded to complete the trade, she would be deemed to have acted on her own judgment and be bound by the contract. The court, however, did not hold her to have acted on her own judgment because she had made a bare inspection of the land, if she did not in fact learn its value and did rely on the representations of Circle as to the nature of the land and of its past and present values. The trial court followed and applied the doctrine of *Speed v. Hollingsworth,* 54 Kan. 436, wherein it was held that if the seller misrepresented the character of the land sold and its rental values, and the buyer could not learn the facts from a bare inspection of the land, the seller can not successfully defend upon the theory that the buyer might by careful inquiry have discovered the falsity of the representations, where the buyer in fact relies on the representations. In holding that the party committing the fraud could not insist on a searching inquiry to discover the falsity of his own

Circle v. Potter.

representations the court quoted from page 524 of Bigelow on Fraud as follows:

"It matters not that a person misled may be said in some loose sense to have been negligent. . . . For it is not just that a man who has deceived another should be permitted to say to him, 'You ought not to have believed or trusted me;' or 'You were yourself guilty of negligence.'" (54 Kan. 440.)

The statements of Circle, especially as to the rents which had been received for the lands, were something more than expressions of opinion. They were extrinsic facts lying peculiarly within his knowledge, and as to such matters she had a right to rely upon his assurances; and if in fact she did rely on them, she is entitled to relief. In *Elkins v. Tresham,* 1 Lev. (Eng. K. B. 1663) *102, the action was a case for falsely affirming a messuage to be let for so much, when in fact it was let for a lesser sum. The court said:

"Though an action will not lie for saying that a thing is of greater value than it is, yet to affirm that a thing is demised for more than it is is a falsity in his own knowledge, and the party who is deceived may, for such deceit, have an action, for perhaps the lease is by parol, or the tenant will not inform the purchaser what rent he gave."

(See, also, *Claggett v. Crall,* 12 Kan. 393; *McKee v. Eaton,* 26 Kan. 226; *Stevens v. Matthewson,* 45 Kan. 594; *Davis v. Jenkins,* 46 Kan. 19; *Carpenter v. Wright,* 52 Kan. 221.)

Error is assigned upon the rulings of the court in respect to the findings and verdict of the jury. In answer to special questions the jury found that Mrs. Potter sustained damages because of the false representations in the sum of $7000. This, it was specially found, did not include the 1500-dollar note given to her by Circle for the rent of the land. In response to another question the jury stated that her damages arising from the entire transaction were $8500, which amount

24—83 KAN.

was manifestly made up of the two preceding items. The jury brought in a general verdict as follows:

"We, the jury empaneled and sworn in the above-entitled case, do upon our oath find for the defendant, Amanda J. Potter, in the sum of $1500, and the cancellation of the $6500 mortgage and the $408.23 interest note and accrued interest on the $6500 principal note, and plaintiff to pay the costs of this action."

The court, not being satisfied with the verdict, directed the jury to retire again for further deliberation. This was done, with the following verdict:

"We, the jury duly empaneled and sworn in the above-entitled cause, do upon our oaths find for the defendant, Amanda J. Potter, $7000."

An attack was made upon the special findings and verdict, and counsel for Mrs. Potter subsequently remitted all of the award of the jury except the sum of $1033.75, and for that amount judgment in her favor was given. It is contended that the court had no authority to send the jury back for further deliberation, and had no alternative except to set the verdict aside and grant a new trial. Although the verdict was informal, and although that part of it which provided for the cancellation of the notes and mortgage trenched upon the functions of the court, it was in fact an equitable and just disposition of the case. In effect the jury found that the damages suffered by the fraud of Circle equalled the amount of the notes and mortgage which she had given to Circle, and therefore found that these should be canceled. Then there was an award of $1500 against Circle on the note which he had given Mrs. Potter in the settlement of the rent of the land. If the court had rejected so much of the verdict as related to the cancellation of the notes and mortgage, and treated and approved the verdict as an award of $1500, it might have been difficult to obtain a reversal of the judgment. That verdict, when taken in connection with the special findings, which the court approved, made the purpose of the jury reasonably clear. The

Circle v. Potter.

verdict, however, was informal, and it was competent for the court to ask the jury to give the case further consideration and bring in a verdict in proper form and in accordance with the instructions of the court. It is evident from the amounts awarded in the second verdict that the jury did not fully understand the direction of the court. Manifestly they understood that their first verdict was too broad, and that they were to have nothing to do with the setting off of damages against the 6500-dollar mortgage debt and interest. They therefore gave a verdict for $7000, the amount named in the second finding as the damages resulting from the false representations of Circle, leaving the disposition of the mortgage lien to the court. The verdict, it is plain, was excessive, but the court had the special findings of the jury to aid in interpreting it, and when the prevailing party offered to remit all of the award except $1033.75 the court, it would seem, was fully justified in acting upon this offer and rendering judgment for that amount. Mrs. Potter might very well have insisted on a judgment for $1500, but when the offer to remit down to a smaller sum was made the court undoubtedly did not feel warranted in suggesting that the findings warranted a larger amount, or in giving her more than she offered to take. A reading of the special findings of the jury and the evidence brought up in the counter abstract leads to the opinion that the findings are not evasive, partial or unfair, and disclose no reason why they may not be a proper basis for the final determination of the legal and equitable issues of the case. They explain the error of the jury in fixing the amount of damages in the second verdict, and support the judgment of the court as to the recovery of damages and in decreeing the cancellation of the mortgage.

There is a contention that in accepting the 1500-dollar note Mrs. Potter condoned the fraud, if any was practiced upon her by Circle in the exchange of properties. The 1500-dollar note was given to her in settle-

ment of the fraud in obtaining the two notes given her by Circle for rent. He had rented the property for a period of two years, and had given her two notes amounting to $1900 as payment of the rent, and had also by a flagrant fraud tricked her into the surrender of these notes. When she learned of this deception reparation was demanded, and Circle gave her the 1500-dollar note as a substitute for the notes so fraudulently obtained and as a settlement of what the jury termed the "lease fraud." Evidently this fraud was treated as one wholly distinct from the original fraud practiced on her when the contract of exchange was made. Indeed, it appears that she had not then learned that the representations made by Circle when the trade was made and the mortgage executed were false and fraudulent, and did not in fact discover it until about the time this action was brought. Before a defrauded party will be held to have condoned or waived the fraud by some subsequent action it must appear that he acted with full knowledge of the fraud, and with the intention of abiding by the contract notwithstanding the deception practiced. The 1500-dollar payment of rent by which Circle undertook to make good the pretended agreement of his accomplice in the trick of securing the return of his notes did, according to the findings, settle that fraud, and also his obligation of rent after the trade, but it did not affect the fraud which she had not then discovered.

The objections to the rulings of the court that appellant was not allowed to open and close in the trial of the case, and that appellee was allowed to amend her answer, are not deemed to be material.

The judgment of the district court is affirmed.