Hanson v. Oppliger.

No. 26,642.

WALTER H. HANSON, *Appellant*, v. JACOB OPPLIGER, *Appellee*.

SYLLABUS BY THE COURT.

VENDOR AND PURCHASER — *False Representations* — *Knowledge of Purchaser*. The proceedings in an action for false representations inducing purchase of land considered, and *held*, an instruction to the effect that if the vendee knew the actual physical conditions of the land he did not rely on statements of the vendor relating to those conditions, was not prejudicial.

Appeal from Nemaha district court; C. W. RYAN, judge. Opinion filed May 8, 1926. Affirmed.

*W. E. Archer,* of Hiawatha, and *Roy O. Lindsay,* of St. Joseph, Mo., for the appellant.

*James L. Haley,* of Sabetha, and *R. M. Emery, Jr.,* of Seneca, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for damages resulting from false representations inducing purchase of a farm. Plaintiff was defeated, and appeals.

The petition alleged plaintiff had great confidence in defendant, and through defendant's persuasion purchased the farm; defendant represented the farm was agricultural land, subject to cultivation, and although the land bordered on the Missouri river, its surface was above high-water mark, it was not subject to overflow, and it was impossible for the river to wash it away. The answer was defendant had but slight acquaintance with plaintiff, defendant made no false representations to plaintiff, and the sale was the result of plaintiff's importunities persisting through a period of several months; plaintiff had the land examined and appraised by his agents, and knew all about it; the basin in which the land lay was subject to overflow by the river; plaintiff told defendant the land was being washed away by the river, told defendant twenty-five acres had already been washed away, but plaintiff had an opportunity to dispose of it at a profit. A trial by jury was had upon these issues. The jury returned a general verdict for defendant, and returned a special finding that plaintiff did not rely on representations of defendant.

Appeal and Error, 4 C. J. p. 769 n. 42. Fraud, 26 C. J. p. 1162 n. 10; 27 C. J. p. 80 n. 41.

The court instructed the jury that, in order to recover, plaintiff was required to prove the representations alleged, their falsity, and his reliance and action upon them, and if he had knowledge of the actual conditions surrounding the farm and relied on such knowledge, he could not recover. The court, however, went further, and instructed the jury as follows: ·

"The jury are instructed that, if you believe from the evidence in this cause that the plaintiff at any period during the negotiations concerning the trade and before the trade was actually consummated, examined, inspected or investigated the conditions surrounding the land in question, either by himself or by an agent, and by such examination, inspection or investigation learned the actual conditions surrounding said land, and knew of the same prior to and at the time the trade was completed, then the plaintiff did not rely upon any statements or representations of the defendant, and cannot recover in this case, and your verdict should be for the defendant."

Plaintiff has abstracted nothing but the pleadings and the instructions. No part of the evidence is presented. It is not contended the instruction was not responsive to the issues, and it must be assumed the instruction was based on evidence sustaining the allegations of the answer.

We do not have here a case of lack of careful inspection or searching inquiry, or of negligence in ascertaining the facts. (*Speed v. Hollingsworth,* 54 Kan. 436, 38 Pac. 496; *Circle v. Potter,* 83 Kan. 363, 111 Pac. 479.) Neither do we have a case of lack of expert knowledge necessary to make effective use of the results of examination. (*Morrow v. Bonebrake,* 84 Kan. 724, 115 Pac. 585.) We have a case of a man who claimed he relied on and was deceived by representations that land was above high-water mark and not subject to overflow or erosion, but who knew its location, knew the river covered it in time of high water, knew it was subject to erosion, and knew part of it had been washed away when he traded for it. After he had verified the physical facts, and knew the land grew nothing but thistles and thorns, he could not be heard to say that he relied, to his injury, on representations that he would gather figs and grapes.

Other instructions given the jury are criticized. In view of the finding of the jury to the effect that plaintiff purchased on his own judgment and not on representations of defendant, it is immaterial what the other instructions were.

The judgment of the district court is affirmed.