The First National Bank of Russell v. John
Peter Knoll *et al.*

No. 126.

1. Pleading and Practice—*Defect of Parties—Demurrer.* A demurrer on account of a "defect of parties" plaintiff is given by law for a defect and not for an excess or misjoinder of parties. A misjoinder of parties plaintiff is not reached by a demurrer. The petition states a cause of action—but one cause of action; therefore the demurrer was properly overruled.

2. ———— *Demurrer Properly Overruled, When.* The demurrer to the evidence was properly overruled for the reason that the evidence fairly tended to prove all the allegations of the petition and made a *prima facie* case.

3. ———— *Instructions Refused — Estoppel — Homestead.* Instructions requested by plaintiff in error examined, and *held*, that the court properly refused to give the instructions asked, for the reason (1) that such instructions were not applicable to the facts in the case; (2) that there is no such rule of estoppel as contended for; (3) that the homestead comprises a part of the lands mentioned; the instruction is inapplicable to such portion, and was therefore properly refused.

4. ———— *Motion to Strike Out—Immaterial Evidence.* The motion of plaintiff in error to strike out evidence should have been sustained; the evidence was immaterial; it could not in any manner affect the substantial interests of either party to the case. The refusal to strike out the same by the trial court does not constitute such error as to require a reversal of the case.

5. ———— *Exceptions Unavailable—Inquiry Immaterial.* Exceptions will not be available to a party where both plaintiff and defendant participate in the introduction of evidence concerning a controversy which is wholly foreign to the triable issues in the case, and where the whole scope of such inquiry is immaterial, and therefore cannot affect the substantial rights of either party.

6. ———— ———— *Failure to Designate Portion of Record.* Exceptions to the refusal of the court to sustain an objection to evidence, or to strike out improper evidence, will not be considered by this court where the party objecting fails to designate and point out the portion of the record in which such evidence and exceptions can be found.

7. ———— *Evidence Examined, Held Sufficient.* The evidence examined, and found to very satisfactorily establish that Knoll and his mortgagees are the owners and entitled to the possession of the property in controversy.

Error from Ellis district court; LEE MONROE, judge. Opinion filed March 4, 1898. Affirmed.

*A. J. Bryant*, and *H. G. Laing*, for plaintiff in error. *David Rathbone*, and *Reeder & Reeder*, for defendants in error.

The opinion of the court was delivered by

McELROY, J. : This action in replevin was commenced by John Peter Knoll to recover the possession of certain wheat and grain in stack on the farm of Adam Knoll, the father of John Peter. Thereafter, before answer day, Alexander Phillip and Tena Knoche, as mortgagees of John Peter Knoll, were made parties, and the plaintiffs filed an amended petition alleging that John Peter Knoll was the owner of the property and entitled to the immediate possession thereof; that the defendant T. K. Hamilton, as sheriff, unlawfully seized and unlawfully detains the possession of the property from John Peter Knoll; that Tena Knoche and Alexander Phillip have a special ownership in the property; that Tena Knoche has a mortgage upon the property, which is set out verbatim; that Alexander Phillip has a mortgage upon the property, and his mortgage is likewise set out; and that the ownership of the plaintiffs and their right to the possession of the property is inseparably connected. The case was subsequently dismissed as to Alexander Phillip, and the action proceeded in the names of John Peter Knoll and Tena Knoche as plaintiffs.

The defendant Hamilton, as sheriff, filed a demurrer to the petition, upon the following grounds : (1) A misjoinder of parties plaintiff; (2) a misjoinder of causes of action; and, (3) that the petition did not

state facts sufficient to constitute a cause of action. This demurrer was by the court overruled and exceptions thereto saved, and the defendant Hamilton filed an answer consisting of a general denial. Subsequently, on his application, the First National Bank of Russell was substituted, with its consent, under the provisions of section 45 of the code, as defendant in the action. The bank thereupon filed an answer as substituted defendant: (1) A general denial; (2) alleging that since the commencement of the suit it had bought the note given by John Peter Knoll to Alexander Phillip, which was secured by the mortgage set out in the petition, and alleging that it was the owner and holder of the note and mortgage and of all the rights of the mortgagee, Phillip, thereunder; and further alleging that, at the time of the commencement of the action, the lien under that mortgage was prior and superior to the interests of the plaintiffs in the property; denying that the plaintiffs or either of them had any right, title or interest in the property, or any part thereof; denying that either of them, at the commencement of the suit, was entitled to the possession of the property or any part thereof; and denying that the bank was wrongfully detaining the property from the plaintiffs, or either of them; (3) alleging that it paid the note held by Alexander Phillip and secured by the mortgage set out in the plaintiffs' petition, and that by reason of such payment it is entitled to subrogation to the rights of Alexander Phillip under the mortgage.

To the second and third defenses the plaintiffs demurred, (1) for the reason that neither of them stated facts sufficient to constitute a defense; (2) that the second and third grounds of defense in the answer did not state facts sufficient to entitle the defendant

to the relief it prayed for in its answer; (3) that the defendant, since the commencement of the action, had commenced another action upon the note described in its answer, and that that action was then pending in the same court upon an appeal from a justice of the peace. This demurrer was by the court overruled.

Thereupon the plaintiffs filed a reply, in which they alleged (1) the commencement of the action upon the note in the justice's court referred to in their demurrer; (2) a general denial. To this reply the defendant bank demurred that the first count of the reply did not state facts sufficient to constitute a defense to the matters set up in the answer. This demurrer was overruled, the defendant excepting. The plaintiffs then dismissed this action as to a part of the property described in their petition. The case came on to be tried at the February term, 1896, and the defendant demanded a separate trial as to each of the plaintiffs, John Peter Knoll and Tena Knoche, which was denied by the court. The case was tried to a jury, and the verdict and special findings were for the plaintiffs, upon which judgment was rendered in the alternative for a return of the property, or its value in case return could not be had. It appeared that the defendant Hamilton, as sheriff, had retained the property, and sold the same under his writ at the suit of the plaintiff in error. There are seventeen assignments of error. So far as necessary we shall notice them in their order.

The first assignment of error is based upon the overruling of the demurrer of the defendant Hamilton to the plaintiffs' amended petition. The first ground of demurrer is not within the statute. The statute provides for a demurrer in case of a defect of parties,

but not for a misjoinder of parties plaintiff. (*McKee v. Eaton*, 26 Kan. 226.) The petition states a cause of action against the defendant Hamilton, as sheriff. The second ground of the demurrer could not be sustained by the court for the reason that but one cause of action was stated. The plaintiffs allege that the defendant Hamilton, as sheriff, had interfered with the possession of the property of John Peter Knoll; had seized and unlawfully detained it. It is true the petition says that the plaintiff Tena Knoche had an interest in the property as mortgagee of John Peter Knoll, and that Alexander Phillip, as mortgagee of John Peter Knoll, had an interest in the property adverse to the sheriff, Hamilton, by virtue of his mortgage. There was but one cause of action stated, and that was for the recovery of the possession of the property so wrongfully taken and withheld by the sheriff. Neither of these mortgagees were necessary parties to the action. However, it might be proper to say in this connection, that there was nothing improper in the joinder of the mortgagees with the mortgagor for the purpose of recovering the property in which they were all interested as against the adverse claim of the sheriff. The supreme court of the United States, in the case of *Geekie v. Kirby Carpenter Co.*, 106 U. S. 389, which arose in the state of Wisconsin, says :

" Klass having the general property in the logs, and Geekie a special property in them, and the logs having been taken by the defendant from the possession of Geekie, who held them as sheriff, under the attachment against Klass, it was proper for both to join in the suit. The damages found to have been sustained by each may be added together and awarded to them as plaintiffs. The damages to Klass are the value of the logs. . . . The damages to Geekie are the . . . expenses.''

It is true that was an action for conversion. Under the decisions of our own supreme court, a petition for conversion must allege a right of possession and the wrongful taking and conversion by the defendant, practically the same as in replevin. The code of Wisconsin upon the question of parties is not materially different from our own. Section 35 of our code says :

"All persons having an interest in the subject of the action and in obtaining the relief demanded may be joined as plaintiffs, except as provided otherwise in this article."

The owner of the property and his mortgagees have an interest in the mortgaged property. They have a community of interest as against a trespasser, and they have an interest in this case in obtaining the relief demanded ; that is, a return of the possession of the property to the rightful owner, that their mortgage interests might be protected thereby against an adverse claimant. If the property could not be recovered in specie under the alternative money judgment, the respective interests of the mortgagor and mortgagee could be protected by the court. The provisions of the code are entitled to a liberal construction in protecting the rights of litigants. The plaintiff in error would be in no manner prejudiced by the fact that the mortgagees were parties plaintiff in the suit. Their presence could not deprive it of any defense or of any right, or impose upon it any additional burden. The demurrer was properly overruled. This ruling does not in any manner conflict with the cases decided by the supreme court cited by counsel in their brief. Upon this same contention counsel rest their right to a separate trial as against each of the plaintiffs. There was but one issue to try : Who had the right

to the possession of the property at the time the suit was begun?

The third assignment of error is that the judgment should have been for the defendant bank upon the pleadings. It is based upon the same theory, and must fall with the first contention, unless it may be said that the plaintiff in error, by the acquisition of the Phillip note and mortgage after the commencement of the suit, could justify the seizure of the property. The Phillip mortgage was purchased and assigned long after the taking and detention of the property by the sheriff, long after this action was begun. The plaintiff in error was substituted for the sheriff, and the bank could urge any defense which might be rightfully urged by the sheriff. By the terms of the mortgage John Peter Knoll was entitled to the possession of the property, and nothing appeared in the facts of the case to controvert this right. The answer does not allege any default on the part of the mortgagor, by reason of which the mortgagee or his assignee would be entitled to take the property under the mortgage.

The fourth assignment of error is that the demurrer to the evidence should have been sustained for the reason that the Alexander Phillip mortgage, which had been assigned by him to the bank, did not contain any provision for John Peter Knoll retaining possession of the property, and that the bank, as the assignee of the mortgage, had the sole right to the property. As we have heretofore said, this mortgage to Alexander Phillip by John Peter Knoll clearly expressed by its provisions that John Peter Knoll should retain possession until the happening of some contingency therein expressed. There was no allegation nor was there any evidence offered to show that either

of the contingencies provided for in the mortgage had occurred. And further, the question to be tried was, Whose property was it? Was the sheriff's seizure rightful? Did the sheriff have a right to seize and hold possession of the property under his writ; and if not, did the bank have a right to insist upon the possession of the property under some other claim of title? The demurrer to the evidence was properly overruled.

The fifth assignment of error is based upon the fact that the court permitted Harry Knoche, the husband of Tena Knoche, to remain with her in the court-room during the trial, notwithstanding he was a witness in her behalf or in behalf of John Peter Knoll. In the exclusion of witnesses from the court-room during the progress of the trial the court had a discretion, and it cannot be said that it abused its discretion in this instance.

The sixth assignment of error is that the court refused the request of the plaintiff in error to instruct the jury that the assignment of the note by Alexander Phillip to the bank carried with it the mortgage. This is a sound proposition of law. The evidence of the debt carries with it the security. But it had no application to the facts in this case, and was an immaterial matter.

The seventh assignment of error is that the court refused to give as law the eighth request of the plaintiff in error. It appears that at the sale of the property in controversy by the sheriff under his writ of execution against Adam Knoll, Michael Knoll, a son of Adam and a brother of John Peter, attended the sale and bid in a part of the property—several stacks of wheat. He had the wheat thrashed and subsequently sold a part of it to his brother, John Peter, for seed to sow the land. By the eighth request re-

ferred to in this assignment, counsel for the plaintiff in error asked the court to say to the jury that, by purchasing this wheat from his brother Michael, John Peter Knoll had elected to ratify the sale and was estopped from asserting his right to the possession. There is no such rule of estoppel known to us, and our attention has not been directed to any authority to sustain this contention.

The eighth assignment of error is based upon the court's refusal to instruct the jury :

"If you believe from the evidence that Adam Knoll transferred to John Peter Knoll the use of all his land, in consideration of $100 a year and future support of Adam Knoll and wife, and, at the time of making such transfer and agreement, Adam Knoll and John Peter. Knoll knew that Adam Knoll was largely indebted to the First National Bank of Russell, and that Adam Knoll had no other property out of which the same could be paid, then such transfer or lease is void as to the defendant bank."

Adam Knoll owned the land upon which this wheat was grown. It comprised 300 acres, which included the homestead of himself, his wife, and his family. And even if it were a sound legal proposition when applied to land not a homestead, it could have no application here, as the homestead is here included ; and a homestead is something to which a creditor may never turn for the satisfaction of his debt. The instruction as requested was properly refused.

The ninth assignment of error is that the court sustained an objection to a question propounded by the plaintiff in error to Michal Knoll as to how many stacks he, Michael Knoll, had upon a certain section. The inquiry was immaterial and the objection was properly sustained. It mattered not how many stacks of wheat Michael Knoll had on any section.

The tenth assignment of error is that the court denied a motion of the plaintiff in error to strike out a part of the testimony of Michael Knoll.   Counsel for plaintiffs were endeavoring to ascertain from the witness what his source of knowledge was as to the ownership of certain horses, a matter entirely outside of the issues in the case, and it was developed finally, that he knew nothing as to the ownership of the horses except what his brother, John Peter Knoll, had told him. The motion was to strike out the last answer of the witness.   It was an immaterial matter.   It could not in any manner affect the case in the interest of either party.   While it might very properly have been stricken out, the refusal does not constitute such error as to require a reversal of the case.

The twelfth assignment of error is that the court overruled an objection of the plaintiff in error to the testimony of John Schlyer as to the custom of Russians in giving their children property when they left home.   The record discloses the fact that both parties entered into this controversy.   Both parties introduced evidence *pro* and *con* as to what the custom of Russians was and is in dealing with their children when they arrive at majority.   The plaintiff in error is in no condition to urge this objection.   The whole scope of this inquiry was immaterial, and could not affect the rights of either party.

The thirteenth assignment of error is based upon the court's action in sustaining an objection to a question upon cross-examination of Adam Knoll.   We are not referred to the page of the record, or in what connection this question was asked.   We do not find it in the record.   We cannot say, from what is set out, that the court abused its discretion in limiting this cross-examination.

The fourteenth assignment of error is so indefinite that we cannot determine what merit, if any, there is in the contention.

. The fifteenth assignment of error is based upon the action of the court in sustaining an objection to a question asked by the plaintiff in error of John Peter Knoll. There is no reference to the record in this connection, and we are not able to say that the action of the court was erroneous or prejudicial to the rights of the plaintiff in error.

The sixteenth assignment of error is as follows: "An erroneous conclusion of the jury in the sixteenth finding of fact, as follows." Then is recited an interrogatory submitted to the jury by the court, and the answer thereto. The interrogatory should not have been submitted to the jury. It was immaterial. It referred to a transaction independent of the question of the ownership of the wheat. It referred to a transfer of property from Adam Knoll to John Peter Knoll, other than the property involved in the litigation. It is not necessary for us to examine or determine, therefore, whether the jury reached an erroneous conclusion or not.

The seventeenth assignment of error is that the verdict is contrary to the evidence. The evidence is very satisfactory and convincing that the wheat sought to be recovered by John Peter Knoll and his mortgagee was honestly his property — was a crop raised by him. There was nothing in connection with the transactions between father and son in any manner affecting the title to the property in litigation, of which the plaintiff in error had any right to complain.

Whether other transactions between the father and son were legitimate, is immaterial in the determination of this controversy. The title or right of posses-

sion to such other property was not in controversy in the case at bar.

The evidence sustained the verdict of the jury, and the judgment is affirmed.