Maffet v. Schaar.

JOHN N. MAFFET, *Appellee*, v. CARL SCHAAR et al., *Appellants.*

No. 18,117.

SYLLABUS BY THE COURT.

SALE—*Real Estate — Misrepresentation — Mutual Mistake—Recovery of Excess Consideration Paid.* Honestly believing that a tract of land contained 272 acres, a vendor so represented to his vendee, who purchased relying upon the representation. As a part of the same oral negotiations a price of $45 per acre was agreed upon, and the total consideration was arrived at by multiplying the price by the number of acres. A written contract of sale was signed which described the land and stated the total consideration without referring to the number of acres or the price per acre. The contract was consummated

by payment of the price and the execution and delivery of a deed in the ordinary form, which contained no reference to the price per acre but stated the consideration as $12,240, and gave a description of the land followed by the words, "containing in all 272 acres more or less." The tract contained only 257.71 acres. The vendee sued to recover the excess consideration, stating all the facts relating to the sale in his petition. *Held:* (1) The plaintiff was entitled to recover because of misrepresentation as to the quantity of land, although the representation was made without intent to deceive. (2) The plaintiff was also entitled to recover, irrespective of fraud, because of the mutual mistake of the parties regarding the quantity of land. (3) The oral negotiations were admissible in evidence to sustain both grounds of recovery. (4) The plaintiff was not entitled to recover on the ground of willful fraud.

Appeal from Kingman district court. Opinion filed April 12, 1913. Affirmed.

*H. E. Walter,* of Kingman, for the appellants.

*George L. Hay,* and *L. F. Walter,* both of Kingman, for the appellee.

The opinion of the court was delivered by

BURCH, J.: After oral negotiations upon the subject, the defendant entered into a written contract to sell to the plaintiff a tract of land. The material portions of the contract follow:

"The said party of the first part will convey and assure to the party of the second part in fee simple, clear of all encumbrances, the following described real estate, situated in the county of Kingman and state of Kansas, to-wit: All of the northwest quarter of section thirty-six, except R. R. right of way, and all the southwest quarter of section thirty-six lying west of the R. R. right of way, all in township No. twenty-seven and range No. eight west of the sixth principal meridian.

"The said party of the second part agrees to pay $12,240 for the above described land."

Maffet v. Schaar.

In due time the contract was consummated by the execution and delivery of a deed, which recited a consideration of $12,240, and which described the land as follows:

"All of the northwest quarter of section number thirty-six, except the railroad right of way, and all that part of the southwest quarter of section number thirty-six lying and situated west of the railroad right of way, all in township number twenty-seven, south, and of range No. eight, west of the sixth principal meridian, containing in all 272 acres more or less."

Afterwards the plaintiff caused the land to be surveyed and found that it contained only 257.71 acres. Thereupon he sued the defendant for the proportion of the consideration paid for the land represented by the deficiency in quantity.

The defendant contended that the written contract and deed show the sale of a tract in gross for a gross sum, and that the rule of *caveat emptor* should be applied. The plaintiff contended that the oral negotiations were for the sale of a tract of 272 acres at the price of $45 per acre, and that the defendant represented the tract to contain that quantity, which representation the plaintiff believed and relied upon. Over the objection of the defendant, the oral negotiations were admitted in evidence. The jury returned the following findings of fact:

Asked by the plaintiff:

"Q. 1. Was the consideration for the sale of the land in controversy arrived at by multiplying the number of acres by the price per acre? A. Yes.

"Q. 2. Was it understood between the plaintiff and the defendant at the time of the sale of the land in controversy that the quantity of land was 272 acres? A. Yes.

"Q. 3. Was it understood between the parties that the price of the land per acre was $45? A. Yes.

"Q. 4. Did the defendant Schaar represent to the plaintiff that the quantity of land described in the deed

made by Schaar to the plaintiff contained 272 acres?
A. Yes.

"Q. 5. Was the measurement made by the county surveyor of the land conveyed by the defendant to the plaintiff correctly made and stated at 257.71 acres? A. Yes.

"Q. 6. Did the defendant Schaar, at the time the deed was made, know the land mentioned in the deed offered in evidence contained less than 272 acres? A. No."

Asked by the defendant:

"Q. 6. Did the defendant Schaar or Ida Schaar, his wife, represent that said tract of land sold to this plaintiff, Maffet, contain 272 acres? A. Yes.

"Q. 7. How many acres did defendant Schaar believe was contained in the tract that he sold to plaintiff, Maffet, at the time the sale was made? A. 272.

"Q. 8. If you answer question 6 in the affirmative, state whether or not the said defendant Schaar had reason to believe the representation false? A. No.

"Q. 9. In case you answer question 6 in the affirmative, state whether or not the same was relied upon by plaintiff, Maffet, or did he rely upon his own investigation? A. Relied on Schaar's representation.

"Q. 10. Did the defendant Carl Schaar ever agree to convey 272 acres of land to the plaintiff at $45 per acre? A. Yes."

Judgment was entered for the plaintiff and the defendant appeals.

The principal error assigned is the admission of the oral evidence. The argument is that the preliminary negotiations were merged, first, in the written contract of sale, and then in the deed, and that the parol evidence rule forbade the court to go behind those instruments.

Controversies over deficiencies in quantity are common enough in which now the vendor, and now the vendee, seeks relief, sometimes at law, and sometimes in equity. Very often the vendee's action is based on false representation as to quantity. In such cases some courts have held that in order to warrant re-

covery the vendor must have entertained an actual purpose to defraud. Other courts have held the vendor liable if the representation was made without knowledge of its truth or falsity and was relied on by the vendee to his injury, although no intention to deceive existed. In this state statements regarding quantity are statements of fact and not of opinion (*Speed v. Hollingsworth,* 54 Kan. 436, 38 Pac. 496), and a positive statement of fact not known to be true, made as an inducement to contract, binds the vendor, although innocently made, if the statement be untrue and be relied on by the vendee to his prejudice (*Wickham v. Grant,* 28 Kan. 517; *Morrow v. Bonebrake,* 84 Kan. 724, 115 Pac. 585). When the basis of the action is false representation parol evidence regarding the inducement held out to the vendee is always admissible. The purpose in giving the conversation between the parties is not to contradict the written contract or to enlarge or vary its terms, but to show that the contract, such as it is, was procured by imposition amounting, in law, to fraud. (*Wickham v. Grant,* 28 Kan. 517, 523.) In the case of *Leicher v. Keeney,* 98 Mo. App. 394, 72 S. W. 145, it was said:

"As was said in *Crim v. Crim,* [162 Mo. 544] 'The written contract is conclusively presumed to merge all prior negotiations and expresses the final agreement of the parties.' But the doctrine of merger of all previous negotiations and representations in a written contract and the merger of the written contract in the deed, can have no application in a case like this where the action is based on the fraud of the defendant and not upon any warranty on contract on his part in regard to the quantity of land. Fraud can not be merged. . . . The difference between the quantity represented and that which was in fact contained in the tract as described was so large as to be material and substantial. The representation as to quantity was prior to and outside of the contract, and not at variance with the deed." (p. 405.)

Here the jury found that the defendant represented

the tract to contain 272 acres when it contained only 257.71 acres; that the plaintiff relied on this representation; that the sale was made at the price of $45 per acre; and that the consideration was arrived at by multiplying the price by the number of acres. As a result the defendant obtained from the plaintiff $45 per acre for 14.29 acres of land which the defendant did not possess and which the plaintiff did not receive. Very clearly the plaintiff was entitled to the relief which he sought.

The statement in the deed of the number of acres conveyed, with the addition of the words "more or less," was a matter of description only. (*Armstrong v. Brownfield*, 32 Kan. 116, 4 Pac. 185.) In the opinion in that case it was said:

"The authorities agree that if the statement of quantity in a conveyance be matter of description only, the vendor, in the absence of fraud, is not bound to make good the deficiency, and the vendee is not required to surrender any excess." (p. 121.)

The district court took a different view of the law, both in the admission of the oral evidence and in the instructions to the jury, and for this reason the defendant claims the judgment ought to be reversed. If error had been committed it would not be material, because this court would order judgment on the special findings showing false representation. But the district court was right. The dictum in the Armstrong case overlooks certain principles approved by competent authority which, when applied to the facts, sustain the action of the trial court irrespective of the matter of fraud. Thus, the vendor and vendee were mutually mistaken regarding a fact upon which the consideration was computed and paid. The true consideration of a deed may always be shown by parol, and consequently an action for money had and received, accruing to the plaintiff for the excess payment, may be supported by such proof. Again, the

written memorandum of sale and the deed did not express fully the agreement of the parties. Those instruments did not embody the agreement respecting the price per acre. Therefore the preliminary contract was not completely merged, and elements not contradictory of either writing could be shown by parol. A discussion of these principles, with references to decided cases, may be found in the case of *Butt v. Smith,* 121 Wis. 566, 99 N. W. 328. In that case the deed recited that "in consideration of the sum of four thousand dollars" land was conveyed which was described as "the east half of the northeast quarter of section 36, township 13, range 5." (p. 567.) Evidence was received that the sale was made at the price of $50 per acre on the mistaken belief that the tract contained 80 acres, when it contained but 77.88 acres. In the course of the opinion the court said:

"Appellant contends that parol evidence of the preliminary agreement can not be received, upon the ground that this preliminary agreement for the sale and purchase of the farm merged in the deed, and such parol evidence would alter, vary, or contradict it. That this rule does not apply to the consideration expressed in the deed is confirmed by many decisions. Parol evidence is admissible to show the real consideration of the conveyance, though it be different from that expressed in the deed, if it be consistent therewith. . . . Nor is the deed conclusive upon the parties when it appears that the amount of the consideration was computed upon a mutual mistake of the parties as to the quantity of land actually conveyed. Whenever the fact appears that the deed does not express the previous agreement of the parties by reason of mutual mistakes, courts of equity have not hesitated to grant relief to meet the exigencies of the situation in conforming the nominal agreement to the real one, or by an abatement from the purchase money when the mistake was susceptible of correction in this way. . . . Recovery has been awarded in cases wherein it appeared that land was purchased under a preliminary agreement, which was not intended to be fully embodied in the deed, but which fixed the terms of the

sale by the acre, and wherein it appeared that there was an overpayment of the purchase price through the mutual mistake of the parties as to the actual number of acres included in the tract conveyed. The ground of recovery in such cases is based upon the preliminary contract, which has been in part performed by the conveyance and payment of the consideration, but which has not been wholly merged in the deed. The additional elements of such contracts, relied on for a recovery, must be such as are not embodied in and in no way contradict, vary, or modify the effective part of the conveyance as agreed to and accepted by the parties. This relief is given upon the equitable consideration that the overpayment resulted from a mutual mistake of the parties, which should preclude either from reaping an advantage to the injury of the other on account of such error. Since such circumstances do not require a reformation of the deed, there is nothing which calls for the extraordinary powers of the court of equity. The controlling question is, Was there an overpayment under terms of the contract of sale, which terms have not been merged in the deed? If so, the vendor ought to be held liable therefor to the vendee in an action for money had and received. The cases upon this subject, though seemingly somewhat in conflict, can be harmonized by distinguishing those which pertain to transactions which are merged and embodied in the deed and those wherein recovery is sought to be enforced upon the terms of the preliminary contract not embodied in and merged in the conveyance. . . . We must hold that the terms of the agreement, fixing the price of the land at $50 per acre, were not incorporated and merged in the deed, and that the objection to the reception of any evidence under the complaint was properly overruled." (pp. 569, 571.)

The two principles here considered really come to the same thing. There must be an agreement to sell at a specific price per acre, or an agreement to sell a specific number of acres, and not an agreement to sell a tract in gross for a lump sum. This agreement, not expressed in the deed, must be entirely consistent with its terms, and there must be a mutual mistake as

Maffet v. Schaar.

to the quantity of land. While, as the Wisconsin court indicates, there is a conflict in the authorities, the better rule is that under the circumstances stated the terms of the deed are not final and the vendee may recover the excess consideration which he has paid upon oral proof of the portion of the contract not reduced to writing.

The defendant claims there was no foundation in the petition for recovery on the theory just discussed, because it contained no allegation in set phrase that the parties were mutually mistaken regarding the number of acres. One count of the petition set out all the facts of the entire transaction. There was no charge that the defendant intended to deceive. His representation disclosed the state of his mind, and it was alleged that the plaintiff purchased upon the supposition, belief and understanding, in good faith, that 272 acres was the correct quantity. Under these circumstances mutual mistake was sufficiently pleaded. Besides this, the findings of the jury clearly show that the parties were mutually mistaken, and if it were necessary the petition could be amended to conform to the fact.

Another count of the petition, charging willful fraud on the part of the defendant, was properly withdrawn from the jury.

The judgment of the district court is affirmed.