No. 20,228.

W. T. MATHEWS, *Appellant,* v. W. E. HOGUELAND and FRANK F. HOGUELAND, *Appellees.*

### SYLLABUS BY THE COURT.

1. SALE—*Bank Stock—Representations as to Value—No Evidence of Bad Faith.* The evidence examined and held to have no tendency to show that one who sold bank stock under a representation that it was worth double its face value had any knowledge that the bank was insolvent.

2. SAME. An owner's representation of the value of property he offers for sale is not actionable if made in good faith, even where by reason of facts unknown to him its ownership is a liability instead of an asset.

Appeal from Woodson district court; OSCAR FOUST, judge. Opinion filed June 10, 1916. Affirmed.

*W. R. Cline, J. Q. Stratton,* both of Erie, and *S. C. Holmes,* of Yates Center, for the appellant.

*G. H. Lamb, S. C. Holcomb,* both of Yates Center, and *H. E. Ganse,* of Emporia, for the appellees.

The opinion of the court was delivered by

MASON, J.: On August 8, 1913, W. T. Mathews sold to W. E. Hogueland a half interest in a stock of goods, a part of the agreed price being paid by the transfer of eight shares of stock in the Yates Center National Bank, taken at $200 a share. On the second of the following December an examiner took charge of the bank and it was found to be insolvent, an assessment of one hundred per cent being afterwards made upon the stockholders. On the 14th of January, 1914, Mathews offered to rescind the contract, and later brought an action against Hogueland and his son to recover damages, alleging that he had been induced to make the trade by fraudulent representations with respect to the value of the bank stock. A demurrer to the plaintiff's evidence was sustained, and he appeals.

1. The plaintiff testified that W. E. Hogueland told him the stock had cost him $200 a share in trade, was paying dividends of sixteen per cent, was worth $200 a share, and could be turned into money; that he made inquiries of several persons who were, or had been, connected with the bank, some of whom refused to advise him, while others made statements consistent with what Hogueland had told him. There was no evidence that the market value of the stock at the time Mathews acquired it was less than what he paid, or that it would not have been actually worth that much, if the condition of the bank had been what it was generally supposed to be, and what it had appeared to be even upon official inspection. The closing of the bank was due to the discovery of frauds perpetrated by its president which he had succeeded in concealing up to that time. The demurrer to the evidence was properly sustained because there was no evidence whatever that either of the defendants knew of the bank's insolvency. W. E. Hogueland had been its attorney, and his son had been in the employ of the bank, but neither of these circumstances warrants an inference of knowledge of the fraudulent acts of the president.

2. A representation concerning the value of property sold is ordinarily regarded as a matter of opinion, not actionable even if false. (Note, 37 L. R. A. 605; *Subke v. Gonder*, 97 Kan. 414, 155 Pac. 793.) If the defendants had known that the bank was insolvent doubtless a statement that its stock

was worth double its face value would have been too wide of the truth to fall within this rule. But as already indicated, the evidence had no tendency to impeach their good faith in the matter. In some situations a false representation of fact may be actionable even if innocently made. (*Maffet v. Schaar*, 89 Kan. 403, 131 Pac. 589.) But the owner's estimate of the value of property which he offers for sale can not be the basis of a recovery in the absence of bad faith.

The judgment is affirmed.