No. 21,046.

JOHN GARVIN, *Appellant*, v. GEORGE DAVISON, *Appellee*.

SYLLABUS BY THE COURT.

CONDITIONAL SALE—*Farm Tractor—Findings and Judgment Sustained.* The evidence, instructions, special findings and judgment in an action to recover the agreed price of a farm tractor, etc., on a conditional sale examined and no prejudicial error found therein.

Appeal from Stafford district court; DANIEL A. BANTA, judge. Opinion filed October 6, 1917. Affirmed.

*Robert Garvin,* and *Ray H. Beals,* both of St. John, for the appellant.

*Paul R. Nagle,* of St. John, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The plaintiff brought this action to recover the price of a farm tractor which he alleges that he sold to the defendant and for the price of five gallons of oil sold to defendant at the same time. The defendant filed a general denial, and then pleaded that plaintiff had attempted to sell him the tractor and had represented that it would draw two 16-inch plows in cultivated land and do the work in a sufficient, farmerlike manner; that plaintiff had stated that defendant could test the tractor on defendant's land, and that if it did not prove satisfactory or come up to plaintiff's representations, that defendant could return the tractor; that relying thereon defendant tested the tractor—

"That said engine was not properly constructed or built, or of sufficient weight, or properly mechanically arranged so as to move two 14-inch Stirring plows in defendant's cultivated land. That said engine was not as warranted by the plaintiff in this; that instead of traveling over the land, it would bury its driving wheels in the soil and refuse to move forward with the two 14-inch plows attached thereto. That the land was in a reasonably fair condition to be plowed. Which test was made at several different places on defendant's land. That on the same day he returned and delivered said Bull Tractor engine at the place from which he obtained it from the plaintiff, and there left it."

Defendant also returned the oil, except a small quantity used in testing the tractor.

Garvin v. Davison.

The evidence of the parties was in accord with their respective pleadings. When plaintiff and defendant were fixing a price on the tractor, plaintiff said:

[Plaintiff's testimony]:

"And I had 5 gallons of oil there and I says, 'I want you to take this oil,' and he says, 'What do you want for it?' and I says, '$2.50,' and he says, 'All right, I will take it. I will pay you for this two weeks from to-day or two weeks from Monday.'"

[Defendant's testimony]:

"Q. About this oil. What, if anything, was said about this oil? A. Well, he figured it on the engine there, on what you would call a fender or guide for the wheel, and says, 'I am just looking at this at what it cost me, and, George, you can have it for that,' and so I told him I would take it.

"I won't swear what the cents were but it was four hundred and some dollars and cents. I told him that is what I would pay for it if it would work. I used some of that oil on the machine. I never put in any oil at Garvin's. They had an oil pump and it was full. I did put in some of the oil before I returned it. I am not sure how much. I put in less than two quarts. I don't know what the value of the oil was per gallon."

The jury returned a general verdict for defendant, and made the following special findings:

"Q. 1. Did the defendant, George Davison, give the Bull Tractor engine a fair test? A. 1. Yes.

"Q. 2. Was the Bull Tractor engine capable of pulling two fourteen inch stirring plows on the real estate of the defendant in a reasonably good and farmer like manner? A. 2. No.

"Q. 3. Was the Bull Tractor engine capable of pulling two sixteen inch stirring plows on the land of the defendant in a reasonably good and farmer like manner? A. 3. No.

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"Q. 5. Was there any oral promise or agreement on the part of the defendant to the plaintiff that the defendant would pay plaintiff the sum of $2.50 for five gallons of engine oil? A. 5. Yes.

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"Q. 7. At the time of the attempted sale, did the plaintiff tell the defendant that he could test said Bull Tractor engine, and if said engine did not prove satisfactory to defendant the defendant could return said engine after such test? A. 7. The plaintiff granted defendant permission to take said Bull Tractor engine to his home and make test on following day (Sunday).

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"Q. 9. Did the defendant, George Davison, have the right to test the engine and return the same if the test did not prove satisfactory under his contract? A. 9. Yes.

"Q. 10. How long did defendant, George Davison, keep the engine after making the test? A. 10. Brought it back the same evening after making the test."

Plaintiff contends that the evidence does not show that defendant had the right to test the tractor and return it if it was not satisfactory. The defendant's own testimony was to that effect, and one of defendant's witnesses testified:

"Garvin told him he could take it out and try it; that it was sold under a guarantee to him and he would sell it under the same guarantee to George. He said when he was in the hardware business and he sold anything under a guarantee it had to do it, and he would back this up with his guarantee."

This evidence was sufficient to warrant the court in leaving the jury to determine whether the sale was absolute or conditional, and the general verdict and the special findings end that phase of the controversy.

Plaintiff urges that the jury's answer to the seventh question was not responsive, but read in connection with the response to the ninth question the two answers fairly develop the fact sought to be determined.

Plaintiff also complains of the instruction that the burden of proof was upon the plaintiff, and that before he could recover he would need to establish his claim by a preponderance of the evidence. Plaintiff argues that it was the duty of the court to instruct the jury that the burden of establishing any alleged warranty was on the defendant. But this was not an action nor a cross action by the defendant for the breach of a warranty, nor a defense against the consideration due for an article admittedly purchased upon a warranty. It was incumbent upon plaintiff to prove the allegation that he had sold the tractor outright. The other instructions fully covered all phases of the controversy, and no special instructions were requested.

As to the item of $2.50 for the oil. Undoubtedly the oil was for the use of the tractor, and since the tractor was returned, it was not improper for the defendant to return the oil when he returned the tractor. The trial court did not err in holding that the bargain for the tractor and the oil was a single contract in entirety. (*Crawford v. Investment Co.*, 91 Kan. 748, Syl. ¶ 4, 139 Pac. 481.) The fact that a small amount of the oil was used in testing the tractor and consequently was not

returned *in toto* is too trivial to shake the result of this lawsuit. Plaintiff would have had a real grievance if defendant had tested the tractor without oiling it.

No prejudicial error in this cause can be discerned and the judgment is therefore affirmed.