Doner v. Deal.

---

No. 22,139.

JOHN M. DONER, *Appellee,* v. J. M. DEAL. *Appellant.*

SYLLABUS BY THE COURT.

1. SALE OF LAND — *Misrepresentation of Number of Acres — Recovery for Deficiency in Quantity.* Where the agreed price for the purchase of a farm was based upon a stated number of acres, a misrepresentation as to the number of acres which the farm actually contained will give the purchaser of the farm a right of action to recover the consideration paid for the land represented by the deficiency in quantity, following *Maffet v. Schaar,* 89 Kan. 403, 131 Pac. 489.

2. APPEAL—*Trivial Deficiency.* A slight discrepancy in a jury's computation of figures, which was too trivial to be specifically called to the trial court's attention, will not be disturbed on appeal.

Appeal from Reno district court; FRANK F. PRIGG, judge. Opinion filed May 10, 1919. Affirmed.

*George A. Neeley, C. M. Williams,* and *D. C. Martindell,* all of Hutchinson, for the appellant.

*E. T. Foote,* of Hutchinson, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The plaintiff sued the defendant for the value of a deficiency in the acreage of a farm conveyed by defendant to plaintiff. It was alleged that defendant represented that the farm contained 237 acres, and the purchase price was $23,700. The farm consisted of a. quarter section and an eighty-acre tract on the southeast cornering therewith. A railway runs down near the western limits of the quarter section and turns eastward at the southwest corner, cutting off about three acres. On this account the farm was represented to contain 237 acres. After plaintiff had taken possession, he discovered that the railway right of way down the west side of the quarter section occupied several acres of the quarter, and that the farm conveyed to him consisted of about 230.8 acres. Thereupon he brought this action for the shortage, 6.2 acres at $100 per acre, $620.

The cause was tried to a jury, and plaintiff recovered judgment for $581.58.

Defendant appeals. The defendant's deed to plaintiff, which was one of general warranty, conveyed—

"Southeast quarter (SE ¼) of section twelve (12), except railroad right of way and except three (3) acres west of railroad, in township twenty-four (24), range six (6), west of the sixth principal meridian; also the north half (N ½) of the northwest quarter (NW ¼) of section eighteen (18), township twenty-four (24), range five (5), west of the sixth principal meridian, containing all together two hundred thirty-seven (237) acres more or less according to. the U. S. government survey thereof."

The trial court held that the land occupied by the railway right of way was conveyed to plaintiff. If this is correct, language more apt and precise to express such conveyance could readily have been chosen. However, as no cross appeal is here, the correctness of that ruling cannot be considered. But the recital in the deed was that the grant contained 237 acres more or less according to the government survey; and the competent testimony of plaintiff showed a positive and un-qualified representation that the farm contained 237 acres ex-

clusive of the right of way. The land was priced at $100 per acre net, totaling $23,700. The evidence to prove misrepresentation as to the acreage, in part, reads:

"A. Well, we drove into the yard and Mr. Soper asked him if he had ever thought of selling his place, and he studied a little while and said, 'yes, sir.' Mr. Soper asked him what he would take. He said 'one hundred dollars an acre net to me.' He asked him how much there was in the place, and he said two hundred and thirty-seven acres. He said 'the Missouri Pacific right of way comes along and hits this quarter at the southwest corner and crosses there and we are figuring off three acres for that.' "

Asked by plaintiff how many acres he had, defendant said:

"I have this quarter here and that eighty over there. That eighty over there across the road to the east is a full eighty; this other [north] eighty is full, and this [south] eighty here is just three acres short. Right at the corner the railroad makes a little bend, where the railroad just cuts off three acres. There is two hundred and thirty-seven acres."

The defendant himself, on cross-examination, testified:

"Q. You believed at that time that the railroad did come down the center of the section when you made that statement? A. I believed it came down in about the center of the section, just as I said.

"Q. You stated the right of way was your west line? A. Yes, sir; the railroad fence was my west line.

"Q. The railroad fence, the east railroad fence was your west line? A. Yes, sir.

"Q. That was your farm? A. Yes, sir.

"Q. That is what you sold? A. That is what I sold.

.    .    .    .    .    .    .    .    .    .    .    .    .

"Q. You are positive you told them that the railroad fence on the east line of the right of way was your west line? A. Why, sure I did."

While it is true that a railway right of way is a mere easement and that the fee title of the land occupied thereby ordinarily remains in the owner of the servient estate, yet here we have to consider a contract—the material facts are not in serious dispute (and if they were, the jury has settled them)— where defendant represented that he owned 237 acres east of the railway fence, which he would sell to plaintiff for $100 per acre, totaling $23,700; and sold the farm upon that representation. Now it develops that the farm is several acres short of the area represented, and there is no suggestion that this considerable deficiency was imputable to variations in instruments or to small errors in prior surveys of the land. Plaintiff was justly entitled to a return of the money paid for

the acres he did not get, and defendant has shown no reason for withholding it. (*Speed v. Hollingsworth,* 54 Kan. 436, 38 Pac. 496; *Maffet v. Schaar,* 89 Kan. 403, 131 Pac. 589; *Disney v. Lang,* 90 Kan. 309, 133 Pac. 572.)

Defendant says that the false representations were not in the case, that they were not pleaded. The court holds otherwise. Plaintiff's grievance was fully set out in his petition, and the court properly instructed the jury thereon.

A final objection is made to the amount of the recovery, $581.58. The judgment, under the evidence, should have been precisely for the value of the shortage in acres at $100 per acre, but in no event exceeding the total sum demanded. Appellant says the shortage did not exceed 5.81 acres, according to the testimony of a civil engineer who surveyed the farm. That seems to disclose a discrepancy of 58 cents in the jury's computation, but apparently this was too trivial for defendant to call to the attention of the trial court, and it will have to stand. (*Garvin v. Davison,* 101 Kan. 508, 510, 168 Pac. 318.)

Judgment affirmed.