No. 24,382.

BEN KOWING, *Appellee*, v. P. C. REYNOLDS, Appellant.

SYLLABUS BY THE COURT.

1. SALE OF LAND—*Misrepresentation of Number of Acres in Farm—Recovery of Excess Consideration Paid.* In an action by a vendee against a vendor for the recovery of a portion of the consideration paid for a farm, based upon a deficiency in the acreage conveyed, the circumstances leading up to the contract of purchase, including the agent's advertisement of the farm and the agent's letter in response to the purchaser's inquiry concerning it, were admissible in evidence, together with the other competent testimony, to determine the question whether the farm was purchased at a price based upon the represented number of acres, or whether the farm was sold for a lump sum regardless of its acreage.

2. SAME—*Demurrer to Evidence.* The demurrer to plaintiff's evidence was properly overruled.

3. SAME—*Findings of Fact.* The findings of fact were supported by evidence, and were sufficient to found a judgment in conformity therewith.

Appeal from Douglas district court; HUGH MEANS, judge. Opinion filed April 7, 1923. Affirmed.

*M. A. Gorrill,* and *Henry H. Asher,* both of Lawrence, for the appellant.
*C. A. Smart,* of Lawrence, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This action grew out of a shortage in the acreage of a farm sold by defendant to plaintiff; and the main question was whether the contract of purchase and sale was effected through the vendor's representations as to the number of acres or whether the farm was bought for a lump sum regardless of the acreage.

The farm in question was advertised by the defendant's agent, thus:

"145 acre farm within 3 miles of Lawrence. 55 acres Kaw bottom, 40 acres pasture, 30 acres alfalfa, 20 acres plowed for spring crop; splendid improvements, $200 per acre. Hosford Investment & Mortgage Co., Lawrence, Kansas."

Plaintiff read the advertisement and opened correspondence with plaintiff's agent, and later came to Lawrence and called at the agent's office. There the agent told the plaintiff that there were 144 acres instead of 145. The agent showed the plaintiff the listing card giving the data furnished by the defendant. Plaintiff testified

that the card recited there were "144 acres, described the improvements, and said $200 per acre, and at the bottom said $28,800."

The defendant's agent and the plaintiff went to see the farm and walked or drove over it. The plaintiff inquired, "Is this place short?" The agent answered, "It might be an acre or so off." Later the plaintiff and the agent and his partner returned to the farm for a second inspection, at which time the plaintiff again inquired, "Ed, is this farm short?" and the agent replied, "Might be an acre or so off."

On the way out to the farm, the agent advised the plaintiff to offer $25,000 for the farm, and accordingly plaintiff made successive offers:

"A. I says to Mr. Reynolds, I says, 'Mr. Reynolds, I will give you $25,000 for this farm.' He says, 'No, sir, I will not take it.' Then I says, 'I will give you twenty-six.' He says, 'No, sir,' I says, 'What do you want?' And he says 'What it figures out' and he turned around and Mr. Arnold [agent] spoke up and says 'It figures out $28,800, and then I says, 'Cut off that eight hundred, Mr. Reynolds,' and he says 'No, sir, that will pay my commission.' Then I spoke up and said, '$200 an acre is too much for this land,' and Mr. Reynolds says 'No, sir, I am satisfied in my own mind, and I think Hosford and Arnold [agents] will agree with me that this farm will sell for $250 an acre in five years.' That was all."

According to these terms and price the plaintiff purchased the farm; a preliminary contract was signed by the parties in which the acreage was not specified, but eventually the defendant made a conveyance of the farm by warranty deed to plaintiff, in which the land was described in two tracts, the first being in terms of government survey, as 80 acres more or less, and the second partly in terms of government survey and partly by metes and bounds, as 64.48 acres more or less. The plaintiff entered into possession, and later had the land surveyed, at which time it developed that the farm consisted of 125.87 acres. Hence this lawsuit.

Plaintiff's petition alleged that he relied on the representations of defendant's agent as to the acreage and bought the farm believing it contained 144 acres and that he agreed to pay $200 per acre for it, aggregating $28,800, "the said gross sum being arrived at in the verbal negotiations between the plaintiff and the defendant by multiplying 144 by 200."

Defendant's answer denied that either he or his agent had represented the acreage at 144 acres, denied that he had stated that he would take $200 per acre, but that he had sold the farm in gross for the lump sum of $28,800.

Plaintiff's evidence tended to show the facts as narrated above. Defendant's evidence was not very convincingly to the contrary. The trial court made special findings, some of which read:

"6. From the time the plaintiff met the officers of the investment company and the defendant, neither the investment company nor the defendant made any statement or suggestion, or did any act that in the slightest degree indicated that the farm was not correctly advertised in the advertisement brought to the attention of the plaintiff and therefore referred to, and the plaintiff at all times believed that the representations made by the defendant and his agents, both verbally and by letter and in the advertisement were true, and would not have purchased the farm on the terms embodied in the contract and deed had he know the real facts.

"7. All offers to buy the farm and the purchase of the farm by the plaintiff were made on the supposition and under the belief that it contained 144 acres.

"8. The defendant had purchased this farm in April, 1919, paying therefor $150 per acre for 144 acres. Neither the investment company nor the plaintiff nor the defendant had any knowledge that there was not 144 and a fraction acres in the tract, and all believed that said tract did contain said number of acres.

"9. The said tract of land did not contain 144 acres, but did contain 125.87 acres. . . .

"Conclusion. By reason of the representation made in regard to the acreage in the farm, the reliance thereon by the plaintiff and the payment of the purchase price of $28,800 based on such representation, the plaintiff should recover from the defendant the difference in the acreage in the farm as represented and as it actually was at the rate of $200.00 per acre."

Judgment was entered for plaintiff; and defendant appeals, complaining of the admission and consideration of incompetent testimony, the trial court's ruling on the demurrer to plaintiff's evidence, and error in the findings of fact.

There is no controversy between these litigants as to the law. The defendant's brief, in part, says:

"If, as stated in the opinion in the case of *Maffet v. Schaar,* 89 Kan. 410, there was an agreement to sell at a specific price per acre, or an agreement to sell a specific number of acres and such agreement is supported by competent evidence, then appellee should prevail in this case. On the other hand, as stated in said opinion, if the agreement was to sell the farm in gross for a lump sum, and the evidence warrants the finding of such an agreement, then appellant should prevail in this case."

The evidence to which the defendant objects relates to the advertisement and to the preliminary correspondence which followed it. It is urged that the advertisement and letter from defendant's agent describing the farm were not proposals, but mere preliminary

matters inviting negotiations. It would be more precise in this case to say that the advertisement and the agent's letter were the beginning of the negotiations, and since a different acreage was never stated to the plaintiff than that mentioned in the advertisement except the later correction of the acreage to 144 acres instead of 145 acres, and that the acreage might be short about one acre, the evidence complained of was admissible for what it was worth, either to show misrepresentation as to the acreage or to show that there was a mutual mistake about it. In either view the evidence was competent to show the inducement which brought about the contract since it did not vary the terms of the contract and deed when these were reduced to writing. Moreover—

"When the basis of the action is false representation parol evidence regarding the inducement held out to the vendee is always admissible." (*Maffet v. Schaar,* supra, 407.)

No error occurred in overruling defendant's demurrer. Plaintiff's cause of action was sufficiently established by evidence, both on the theory of misrepresentation and of mutual mistake, as the excerpts quoted above disclose, to withstand a demurrer.

Nor can error be discerned in the findings of fact. While plaintiff's successive offers of $25,000, and $26,000, and his request that defendant at least cut off $800 from his price, would be susceptible of a construction that the plaintiff would have closed a contract for the farm at a lump sum, and possibly—only possibly—regardless of the acreage, yet the defendant insisted on "what it figures out," and when his agent followed that statement with the computation, "It figures out $28,800," the defendant had his way about it—what it figured out—and the contract was closed on those terms. There is other testimony supporting the same view. This is purely a fact case; it contains no reversible error; and the judgment must be affirmed.